### JAMES S. DAVIS

*vs.*

### GEORGE WOODWARD.

Under the statute relating to "forcible entries and unlawful detainers," a complaint alleging that on a day specified, to-wit: at the time of the entry complained of, the plaintiff was in the actual possession of the disputed premises, by his wife, and that on said day defendant did make an unlawful and forcible entry into and upon said premises, and ever since has and now does unlawfully and forcibly detain the same, contrary to the form of the statute, &c., sufficiently alleges plaintiff's possession and defendant's entry and detainer.

It appeared in this action that the plaintiff and his wife had resided together for more than twelve years upon the premises in dispute; that while they were so residing together there he deserted her, leaving her in the actual occupancy of said premises. *Held*, that notwithstanding such desertion, his possession of the premises is to be presumed to continue as it was, and her occupancy to be a possession under him, and in his right, (until a change of possession is made to appear affirmatively) so that the case is one in which under *sec.* 34, *chap.* 66 *Gen. Stat.* she may prosecute in his name an action under the statute relative to "forcible entries and unlawful detainers." To maintain an action under such statute it is not necessary that the entry be *forcible:* it is sufficient if it is *unlawful.*

To maintain an action under *sections* 1 *and* 2, *ch.* 84 *Gen Stat.*, (the statute relating to "forcible entries and unlawful detainers") it is necessary that defendant should be proved guilty of an unlawful detainer (of the premises in controversy) by force and strong hand. A detainer by force and strong hand is a detainer accompanied by some circumstances of actual violence or terror.

This is an appeal, by defendant, from an order of the district

court for Washington county, denying a motion for a new trial.   The case is fully stated in the opinion.

WM. M. McCLUER, for Appellant.

SMITH & VAN SLYKE, for Respondent.   ·

*By the Court.*—BERRY, J.—This action was brought before a justice of the peace under the statute relating to "forcible entries and unlawful detainers," *ch.* 84, *Gen. Stat.*

The case was removed to the district court for Washington county, where it appears to have been tried upon the complaint made before the justice, and where a verdict was rendered for the plaintiff for restitution.   Defendant's appeal is from an order denying his motion for a new trial.

I.   Defendant (in this court for the first time, so far as it appears,) objects that the complaint fails to state a cause of action, because it does not show that plaintiff was in actual possession of the premises at the time of the alleged entry, and because *no facts* are stated therein showing any unlawful or forcible entry, &c.   As to possession the allegation is, that plaintiff was " in the actual     *   .  *      possession by his wife" on a day specified, to-wit : the time of the entry alleged.   Since it is the *possession* which is important, not the manner in which, nor the ·person through whom, such possession is held, the allegation is clearly sufficient.

As to the entry and detainer the complaint alleges, that on the day specified as aforesaid, defendant did make an unlawful and forcible entry into and upon the premises in question, and " ever since has and now does unlawfully and forcibly detain the same contrary to the form of the statute, &c."   This also is sufficient.   Certainly it is not necessary for the pleader to go

farther, and state the *evidence* in support of these allegations as the counsel appears to think.

II.    Defendant filed an affidavit going to show that plaintiff some six months before the commencement of this action had deserted his family, and had not returned or been heard of, and that his whereabouts were unknown, and alleging that he (defendant) had good reason to believe, and did believe, that plaintiff's attorneys of record had no authority to appear for him. And thereupon he moved the court (*sec.* 11, *ch.* 88, *Gen. Stat.*) to require said attorneys to show their authority, and that proceedings by said attorneys be stayed until the same was shown.

Plaintiff's attorneys thereupon filed an affidavit stating that they appeared and prosecuted the action at the request of the plaintiff's wife, who was acting as plaintiff's agent, and resided with him at the time of his desertion aforesaid, and who had since been in the occupancy and possession of the premises aforesaid, which were the same upon which plaintiff and his wife had resided for more than twelve years last past. Defendant objected to the sufficiency of the affidavit, but the court overruled his objection and denied his motion for a stay of proceedings, and properly, as we think.

*Sec.* 34, *ch.* 66, *Gen. Stat.* enacts that " when a husband has deserted his family, the wife may prosecute or defend, in his name, any action which he might have prosecuted or defended, and shall have the same powers and rights therein as he might have had." Defendant argues that this section is not applicable to this case, because the right of action depends solely upon the possession of the plaintiff at the time of the entry by defendant, either actual or constructive, and the husband having deserted his family, the possession of the wife is no longer his possession. This is a *non sequitur.* If, as the affidavits show, the plaintiff was in possession at the time of his deser-

Davis v. Woodward.

tion, residing upon the premises with his wife, as he had done for many years before, how does his departure, leaving her there, (even if his departure was a desertion of his family) oust him of the possession of the premises, or transform her occupancy from its character as a possession under him into a possession in her own right ? His departure or desertion works no such result *per se*, and until it is made to appear affirmatively that there has been a change of possession, it is to be presumed that his possession continues as it was, and that her occupancy is a possession under him and in his right.

III. Defendant claims further, that there was no evidence in the case tending to show a *forcible* entry by himself, or that plaintiff was in possession of any portion of the premises, except the house, into which it is not claimed that defendant entered. The obvious answer to the first branch of this claim is, that to maintain this action, it is not necessary to show that the entry was *forcible*, that is to say, accompanied with circumstances of force and violence. It is enough under the statute that it be unlawful. To the second branch of defendant's said claim, it is enough to say, that the evidence showed beyond question, that the plaintiff was in possession of the entire premises at the time when he deserted his family, leaving his wife thereon as before stated, and that for the reasons before given it is to be presumed that his possession continued as it was until it is made to appear affirmatively that there has been a change of possession. Her occupancy is to be presumed to be a continuance of his possession, which was a possession of the whole premises.

Besides these considerations, there was evidence in the case which was properly submitted to the jury upon the question of possession, going to show that her personal and physical occupation of the house was attended with an assertion of the right of possession to the entire premises. In other words,

there was evidence tending to prove that her physical possession of part, was, in law, a possession of the whole.

Defendant's remaining points are, 1st: that "the court erred in refusing to instruct the jury as requested by defendant, and in giving the instructions asked for by the plaintiff, and 2d: that "the verdict is against law and is not supported by the evidence." While we do not feel called upon to make examination for the purpose of ascertaining what in particular counsel refers to in these general assignments of error, there is a total want of evidence to support the verdict in one respect, so important that we think we ought not to pass it by.

The case settled purports to contain all the evidence introduced upon the trial below. *Section 2, ch. 84, Gen St.;* (the chapter under which the present action is brought,) reads as follows, viz.: "any justice of the peace has authority to inquire as hereinafter directed, as well against those who may make unlawful or forcible entry into lands or tenements, and detain the same, as against those who having lawful or peaceful entry into lands or tenements, unlawfully and forcibly detain the same; and if it is found upon such inquiry, that an unlawful or forcible entry has been made, and that said lands, tenements are unlawfully detained by force and strong hand, or that the same after a lawful entry, are so held or detained unlawfully, such justice shall cause the party complaining to have restitution thereof."

In order to maintain an action of this kind, this statutory provision makes it necessary that the defendant should be proved to be guilty of an unlawful detainer (of the premises in controversy) by *force and strong hand.* A detainer by force and strong hand is a detainer accompanied by some circumstances of actual violence or terror. *People v. Rickert,* 8 *Cowen* 232; *Willard v. Warren,* 17 *Wend.* 258; *People v. Field,* 52 *Bashou,* 198; *Winterfield v. Stauss,* 24 *Wis.* 394.

As there is no evidence of any such circumstances in this case the verdict is not sustained. For this reason the order denying a new trial is reversed.