The judgment of the district court will be

Affirmed.

DISTRICT TOWNSHIP OF TAYLOR v. MORTON *et al.*

1. **Officer:** LIABILITY ON OFFICIAL BOND. Action on official bond of the treasurer of a district township conditioned as follows: "If the said M., as treasurer, shall faithfully and impartially discharge the duties of said office as required by law, then this obligation shall be null and void, otherwise in full force and virtue in law." *Held*, that the defendant was absolutely liable for all moneys coming into his hands, and that he could not successfully plead as a defense that a portion of the money was, without his fault or negligence, stolen from him. The case of *Ross* v. *Hatch*, 5 Iowa, 149, distinguished from the present one.

2. **School directors:** POWER TO RELEASE DEBT. The directors of a school district have no power, in the absence of any consideration, to direct the release from liability of one justly indebted to the district.

*Appeal from Harrison District Court.*

TUESDAY, DECEMBER, 9.

ACTION upon an official bond executed by defendant Morton, as treasurer of plaintiff, and by the other defendant, Hills, as his secretary. The only condition of the bond is in these words : "If the said Morton, as treasurer, shall faithfully and impartially discharge the duties of said office as required by law then this obligation shall be null and void, otherwise in full force and virtue in law." The breach alleged in the petition is that defendant Morton refused and neglected to pay over a certain sum of money received by him as treasurer, during his term of office, in which sum, upon an accounting between the parties, defendant was found to be in arrears, and upon demand, defendant refused to pay the same to plaintiff.

The answer admits the execution of the bond, and the receipt of the money, as charged in the petition, but avers as a defense, that, during the term of office of the treasurer, "without any want of reasonable care and diligence on his part in the care and preservation of the said sum of money, belonging to said township, his house was broken open and the said identical sum of money, belonging to said township, was stolen therefrom, whereby the same became entirely lost to the treasury of said township, and no part thereof has ever been restored to said treasury or to this defendant."

Another count in the answer (the fourth) alleges that the defendant Morton settled with the board of directors of plaintiff, and that "upon such settlement, he turned over to his successor in office all the books and money belonging to said township, except the said sum that was stolen as before stated. That said school directors, being then satisfied that this defendant has been faithful in the discharge of his duties as treasurer of said township, and that he had exercised and used reasonable care and diligence in the preservation of the said sum due them, did direct and cause John Thompson, this defendant's successor in office, as treasurer of said township,

to execute and deliver to this defendant the receipt of said township, signed by said John Thompson, treasurer, as aforesaid. That said John Thompson did execute said receipt and deliver it to the defendant. That said receipt purported, and said school directors intended, that it should be a full discharge of this defendant from all liability to said township for said sum that was stolen as above stated."

To these defenses plaintiff demurred on the grounds: 1. That the allegations of care and diligence, and that the money was stolen without fault of defendant, present no defense under the conditions of the bond sued on. 2. The discharge and release pleaded is not shown to have been recorded in the book of the secretary. 3. The proceedings of the board of directors authorizing the release is not set out. 4. The treasurer of plaintiff had no authority to execute the release. 5. That such release could only be lawfully executed by the secretary upon a recorded vote of the directors. 6. No copy of the release is attached to the answer. The demurrer was sustained, and from this judgment of the district court defendants appeal.

*J. R. Zuver* for the appellant.

*T. E. Brannan* for the appellee.

Beck, Ch. J. — I. Under "the act to provide a system of common schools," of December 24, 1859, it is made the duty of the district boards of directors of the district townships to require the treasurers thereof to give bonds "conditioned for the faithful performance of their duties." Act 9th Gen. Ass., chap. 172, § 24; Rev., § 2037. The same act makes it the duty of the treasurer to hold all moneys belonging to the district and pay out the same upon the order of the president, countersigned by the secretary. He is required to keep proper accounts of all receipts and expenditures, and therein distinguish the separate funds devoted to different purposes, and to render statements of the moneys received and paid when required by the directors,

1. OFFICER.

etc. Acts 9th Gen. Ass., chap. 172, §§ 43–47, 24; Rev., §§ 2048–2051.

The condition of the bond upon which this action is brought substantially complies with the requirements of the statute; it is in effect identical with the condition prescribed in the law. It is made his duty to hold all moneys of the district, and to pay them but only upon vouchers signed by the proper officers. He is bound by the obligation of the bond, not to exercise due care and diligence in the discharge of this duty, but to perform it absolutely, without conditions or exceptions. He is to hold the money of the district. This is the provision of the law. His contract, expressed in the bond, binds him to the discharge of this duty. He will not be relieved from his contract by showing any degree of diligence or care which falls short of absolute compliance with the terms of his contract. His liability rests upon the conditions of his bond, and if by them he is required to do an act which, without his fault, becomes impossible on account of any thing occurring subsequently to the contract, he will not be released. These rules are applicable to all contracts, and the public interests demand that, at this day, when public funds in such vast amounts are committed to the custody of such an immense number of officers, they should not be relaxed when applied to official bonds. A denial of their application in such cases would serve as an invitation to delinquencies which are already so frequent as to cause alarm. The doctrine announced is supported by the following authorities: *The United States* v. *Prescott*, 3 How. 578; *The Harriman*, 9 Wall. 161; *Boyden* v. *United States*, 13 id. 17; *Beams* v. *United States*, id. 56; *Muzzy* v. *Shattick et al.*, 1 Denio, 233; *Commonwealth* v. *Comly*, 3 Penn. St. 372; *The State* v. *Harper*, 6 Ohio St. 607; *The United States* v. *Dashue*, 4 Wall. 182; *The United States* v. *Keeler*, 9 id. 83; *The United States* v. *Morgan*, 11 How. 154; *The United States* v. *Thomas*, 15 Wall. 337. See *District Township of Union* v. *Smith*, decided at the present term of this court, recognizing and applying this doctrine.

*Ross* v. *Hatch,* 5 Iowa, 149, is not inconsistent with the foregoing views. In that case it was held that the responsibilities of a public officer for moneys intrusted to him are fixed by the terms and conditions of his official bond. It was, therefore, ruled that a county tresaurer was not liable upon his bond, obligating him " to exercise all reasonable diligence and care in the preservation and lawful disposal of all money appertaining to his office," for money stolen from the treasury of the county without want of reasonable care and diligence on his part. The bond sued on in that case complied with the requirements of the law. The court correctly concluded that " the State, in prescribing the conditions of the treasurer's bond, determined the nature and extent of the obligation to be assumed by him." That obligation was to exercise all reasonable diligence and care in the preservation of the money placed in his hands. The terms of the contract in the bond were complied with by the exercise of the diligence and care required. The condition of the instrument sued on in this case, being different, the rule recognized by the court in that case is not applicable here. See *District Township of Union* v. *Smith,* cited above.

II. The demurrer to the fourth count of the answer was correctly sustained. The release pleaded is not shown to have been executed under proper authority. Defendants aver that it was executed by the treasurer, who succeeded the principal in the bond in the office, upon the authority derived from the directors, but the directors' authority to discharge the claim of the district, is nowhere averred or set out. The duties and powers of the district board of directors are prescribed by Revision, section 2037. We find nothing therein that will authorize that body to discharge in the manner and for the reasons alleged in the answer a lawful claim of the district. The powers possessed by the board are only those conferred by law. They can lawfully exercise no others. It cannot be claimed that the provis ions of the section quoted can be construed to authorize the discharge, without sufficient consideration, of a valid debt or claim held by the district. It is provided that certain powers

2. SCHOOL DISTRICT.

may be exercised by them in pursuance of a vote of the electors of the district. Without determining that the district meeting by a vote of the electors could authorize the discharge of defendants, it is sufficient to remark that no allegation is found in the answer to the effect that the directors acted in pursuance of authority of such a vote. It is our opinion, therefore, that the answer fails to set out facts establishing the legality of the discharge, and that the person issuing the discharge had authority to execute it. Without authority of law, or a vote of the district, the directors, in no manner, could discharge defendants, neither could they authorize the treasurer to do so. Such authority is not shown by the answer, and its existence will not be presumed. It follows that the release pleaded must be regarded as having been made without authority. The demurrer was properly sustained upon this ground, which is sufficiently set out therein.

Other objections raised by this demurrer should properly have been urged by motion, or in a different manner. But as the demurrer is found to be well taken on one ground, it was properly sustained, especially as the objection strikes at the very merits of the defense pleaded. The other grounds of the demurrer need not be considered.

We have considered all the objections raised to the decision of the court below, and conclude it was correct.

Affirmed.