HORACE M. WARD AND OTHERS, PLAINTIFFS IN ERROR, V. SCHOOL DISTRICT NO. 15 COLFAX COUNTY, DEFENDANT IN ERROR.

1. **Pleading**: ACTION ON BOND OF SCHOOL DISTRICT TREASURER: ANSWER. In an action on the bond of the treasurer of a school district for a failure to account for money belonging to the district, an answer admitting the receipt of the money, but not showing it to have been lawfully disbursed by him, is demurrable.

2. **Authority of a District to Release its Treasurer from Liability.** A school district has no authority to release its treasurer from liability for money lost or misapplied by him.

3. **School Moneys**: DISBURSEMENT. School moneys received by a district treasurer can be lawfully disbursed only by the written order of the director, countersigned by the moderator of the district, drawn against the proper fund.

4. **Deposit of School Money by Treasurer**: LIABILITY FOR ITS LOSS. The defendant, while treasurer of the plaintiff district, deposited the money in question with his banker to his own individual credit. The money was intended to meet certain bonds of the district, then about to fall due, and which were payable at that bank, and the defendant so informed the banker, and directed him verbally to so apply it when the

bonds were presented.    While in this condition the bank
failed, and the money was lost.  *Held*, That the banker was
the agent of the treasurer and not of the district, and that the
money was recoverable by the district in .an action on the
treasurer's bond.

ERROR to the district court of Colfax county.    The
action was to recover of Ward and his bondsmen cer-
tain moneys due the plaintiff. district from Ward the
treasurer.    To the second count of the answer the
plaintiff demurred, which was overruled, and upon the
issues joined trial was had before POST, J., and judg-
ment given in favor of the district, to reverse which
Ward and his bondsmen prosecuted this petition in
error.

*C. J. Phelps*, for plaintiff in error, cited Dillon on
Mun. Corp., secs. 98 and 99.    Wells on Questions of
Law and Fact, sec. 56.

*Hoxie, Russell & Chambers*, for defendant in error,
cited *District v. Smith*, 39 Iowa, 9.    *School Trustees v.
Bennett*, 3 Dutch (N. J.), 513.    *Bacon et al. v. Cobb*, 45
Ills., 47.    *Tompkins v. Dudley*, 25 N. Y., 272.    *District
v. Morton*, 37 Iowa, 550.    *Monroe Township v. Williams*,
13 Ohio, 504.    *Adams v. Nichols*, 19 Pick., 275.    *School
District v. Dauchy*, 25 Conn., 530.    *Brumly v. Smith*,
3 Ala., 125.    *Reed v. Edwards*, 7 Port., 508.    *Davis v.
Smith*, 15 Mo., 467.    *Williams v. Vanderbilt*, 28 N. Y.,
217.    *Stone v. Dennis*, 3 Port., 231.    *Mill Dam Co. v.
Hovey*, 21 Pick., 217.    *Fowler v. Butt*, 6 Mass., 63.
Chitty on Contracts, 734.

LAKE, J.

The demurrer to the second count or defense of the
answer should have been sustained.    The matters
therein alleged were no defense to the facts stated in

the petition. After having admitted the receipt of the money in question by Ward as treasurer of the district it was sought to escape liability therefor by merely showing that " before the commencement of the action the said school district and the said H. M. Ward came to a mutual accounting touching the several matters and things in said petition mentioned, and on the said accounting the account of the said H. M. Ward, as such treasurer, was accepted by said school district as a final adjustment between said parties," * * * " and that at the expiration of his, the said H. M. Ward's, term of office as such treasurer his final report of his proceedings and dealings as such treasurer was by said school district accepted; and he, the said H. M. Ward, paid over to his successor in office the balance due said district upon said last mentioned accounting, and received said successor's receipt therefor."

Admitting this to be true, all that it amounts to is, that Ward made out an account of his receipts and disbursements as treasurer, which the district in some manner "accepted" as correct; and that he had paid the balance belonging to the district, *as shown by this statement*, over to his successor in office. But there is no allegation to the effect that the several disbursements mentioned in this account were lawfully made, nor that the district had taken any steps to release Ward from his liability for any funds which he had lost or misapplied, even if such release were possible, which we by no means admit. There was no consideration for such release, and we think the district powerless to give it.

Not only was this branch of the defendant's answer wholly inadequate as a defense, but in the matter of proof respecting the particular item of Ward's account in controversy they were equally unfortunate. The

mode in which all school moneys must be disbursed is found in section 41 of the general school law, which provides that: "It shall be the duty of the treasurer of each (school) district to apply for and receive from the county treasurer all school moneys apportioned to the district, or collected for the same by the county treasurer, and to pay over, on the order of the director, countersigned by the moderator of such district, *all moneys received by him.*"  Gen. Stat., 968.  And by section 52 of the same act it is made the duty of the director to "draw and sign all orders upon the treasury for all moneys to be disbursed by the district, and all warrants upon the county treasurer for moneys raised for district purposes, or apportioned to the district by the county superintendent, and present the same to the moderator to be signed by him."  Gen. Stat., 970.

From these provisions of the statute, as well as others that might be quoted of similar import, we see that the funds belonging to school districts are carefully guarded against illegal disbursement, either through fraud or mistake.  The order for its payment in every case must be drawn and signed by the director, then it must pass the scrutiny of and be signed by the moderator, and finally the treasurer himself must be satisfied that it was drawn for a legal object, and upon the proper fund, before he is justified in parting with the money.  And further, the treasurer should take a receipt from the person to whom such payment is made, so that he may have the same as a voucher to exhibit at the annual meeting in his settlement with the district, as provided in section 42 of the school law.  Now it is not pretended in this case that Ward paid out the $262.90 sued for on such order; nor even that he paid it on any order.  It is undisputed that Ward had deposited the money to his

own individual credit in Frank E. Frye's bank, in Schuyler, and while in this condition the bank failed, resulting in its loss.

It is doubtless true that Ward informed Frye of the purpose for which he intended this deposit to be made. And it is probable that he directed Frye to pay it over to the holder of certain of said school district bonds, then about to fall due, and which were made payable at said bank. But in all this Frye was the agent of Ward, and not of the school district. It was Ward's duty, under the law, to keep the money securely until properly directed, as before shown, to pay it over to the holder of the district bonds. The money was within his control, placed there by force of the statute, and if he saw fit to intrust it to the care of another, he did so at his peril. Under the testimony the court was clearly right in instructing the jury to find a verdict in favor of the school district, for none other could be upheld.

JUDGMENT AFFIRMED.