THE STATE OF NEBRASKA, EX REL. GAVIN CRAIG, V. JOHN SHELDON.

1. **Removal of County Treasurer from Office.** Proceedings to remove a county treasurer from office for willful neglect of duty must be instituted by a complaint containing the charges against him, with the necessary specifications under them, and verified by the oath of an elector of the state.

2. ———: LIABILITY OF TREASURER. The fact that the public funds have been stolen from the treasury is no legal justification for the failure of the treasurer to account for them.

3. ———: POWER OF COUNTY COMMISSIONERS. It is not sufficient for the board of county commissioners to declare and resolve that the office of county treasurer is vacant; there must be a judgment of ouster.

ORIGINAL information in the nature of a *quo warranto*. Heard here on demurrer to the information. Demurrer sustained and cause dismissed.

*John D. Hayes*, for the relator.

*Thomas Darnell*, for the respondent.

MAXWELL, CH. J.

This is a proceeding in the nature of a *quo warranto* to oust the defendant from the office of treasurer of Greeley county.

The information states that at the general election held in Greeley county in the year 1879 the defendant was duly elected treasurer of said county, and soon thereafter qualified and entered upon the duties of said office, and continued to act as such treasurer until the eighth day of July, 1880; that on the seventh day of July, 1880, the board of county commissioners settled with the said defendant, and found that there was a deficiency in the moneys in his hands belonging to the county in the sum of $2101.94; that the defendant during said term of office allowed the funds of said county to accumulate in the county treasury in large sums, and neglected and refused to pay the same out upon the warrants of the county when said warrants were presented for payment by the persons entitled thereto, and carelessly kept such moneys in the county clerk's fire-proof safe, when several persons knew the combination to the same; that after said settlement said board of county commissioners demanded of the defendant the re-imbursement to the county of said deficiency, and after his refusal so to do said board did forthwith remove said defendant from office, and did then and there while in legal session declare and resolve that the office of treasurer in and for Greeley county was vacant; and that thereafter the relator was duly appointed treasurer of said county, and gave a bond in the sum of $15,000 for the

faithful performance of his duties, and thereupon demanded said office of the defendant, but he refused to surrender the same, etc.    The defendant demurred to the information on the ground that the facts stated therein were not sufficient to constitute a cause of action.

In addition to the facts stated in the information, a brief summary of which is given above, certain exhibits are attached to the information, from which it appears that the alleged deficit was occasioned by theft from the treasury of the sum stated, between the hours of four P.M., June 12th, and nine o'clock A.M., of the 14th day of the same month.

Two questions are to be determined in this case: *First*, The right of the board of county commissioners to summarily remove the treasurer from office without giving him an opportunity to make a defense.    *Second*, Must a judgment of ouster be entered?

Section 94 of the act concerning counties and county officers, approved March 1, 1879 (Laws of 1879, page 380), provides that "if any county treasurer shall neglect or refuse to render any account or settlement required by law, or shall fail or neglect to account for any balance due the state, county, township, school district, or any other municipal subdivision, or is guilty of any other misconduct in office, the county board may forthwith remove him from office, and appoint some suitable person to perform the duties of treasurer until his successor is elected or appointed and qualified."

Chapter 45 of the Revised Statutes of 1866 (Gen. Stat., 250), provides that all county officers, including justices of the peace, may be charged, tried, and removed from office for official misdemeanors in the manner and for the causes following:

*First*, For habitual or willful neglect of duty.

*Second,* For gross partiality.

*Third,* For oppression.

*Fourth,* For extortion.

*Fifth,* For corruption.

*Sixth,* For willful maladministration in office.

*Seventh,* For conviction of a felony.

*Eighth,* For habitual drunkenness.

SEC. 2. Any person may make such charge, and the board of county commissioners shall have exclusive original jurisdiction thereof by summons.

SEC. 3. The proceedings shall be as nearly like those in other actions as the nature of the case admits, excepting where otherwise provided in this chapter.

SEC. 4. The complaint shall be by an accuser against the accused, and shall contain the charges, with the necessary specifications under them, and be verified by any elector of the state that he believes the charges to be true.

SEC. 5. It will be sufficient that the summons requires the accused to appear and answer the complaint of A B (naming the accuser), for official misdemeanors; but a copy of the complaint must be served with the summons.

SEC. 7. The questions of fact shall be tried as in other actions, and, if the accused is found guilty, judgment shall be entered removing the officer from office and declaring the latter vacant, etc.

This statute provides the mode of procedure in cases of removal from office of county officers for any of the causes above enumerated, and is not repealed by the act of 1879. These acts are therefore to be construed together as statutes in *pari materia.* This being the case, the county treasurer having failed to account for the moneys in his hands properly chargeable against him as treasurer, is guilty of willful neglect of duty, and may be removed from office. And

the fact that the moneys were stolen is no legal jus-
tification for the failure to account for them. But
in order to institute the proceedings a complaint un-
der oath must be filed against him, containing the
charges, with the necessary specifications under them.
The proceeding is *quasi* criminal in its nature, and
the incumbent undoubtedly may be required to ap-
pear without delay and show cause why he should not
be removed. But questions of fact must be tried, as
in other actions, and are subject to review on error.
The right to a trial upon distinct and specific charges
is secured to every one thus charged with an offense
for which he is liable to be removed from office. If
it was not so—if county commissioners, without
charges made under oath and distinct specifications
under them, and without trial, can remove a county
treasurer—the office will be held subject to their
whim, caprice, or interest, and the will of the people
in the selection of officers liable to be defeated, and
that too without the possibility of a review of the
errors committed during the alleged trial. But such
is not the law.

The failure of the treasurer to give an additional
bond when so required by the board would be a suffi-
cient cause for his removal from office, but the power
cannot be exercised arbitrarily without notice and an
opportunity being given him to comply with the or-
der of the board. Neither is it sufficient for the
board to declare and resolve that the office is vacant.
There must be a judgment of ouster against the in-
cumbent. As the information fails to state a cause of
action the demurrer is sustained. And it appearing
that the relator is unable to cure the defect by an
amendment the action is dismissed at his costs.

JUDGMENT ACCORDINGLY.