DISTRICT TOWNSHIP OF WASHINGTON V. THOMAS.

1  **District Township:** POWER OF ELECTORS TO DISCHARGE DEBTOR. The electors of a district township can exercise such powers only as are conferred by statute, either expressly or by reasonable implication; and section 1717 of the Code, conferring upon the electors the power "to direct the sale or other disposition to be made of any school-house or site thereof, and of such other property, personal or real, as may belong to the district," does not authorize the electors to discharge a debtor of the district without consideration.

*Appeal from Linn Circuit Court.*

THURSDAY, JUNE 15.

ACTION upon a promissory note executed to the plaintiff by the defendant and one Mounce.   The defendant for answer averred that he signed the note as surety; that the principal absconded; that the electors of the district township voted to release the defendant and afterwards the directors of the district township voted to release him, whereby he become released and discharged.   The plaintiff demurred to the answer and the demurrer was sustained.   The defendant elected to stand upon his answer, and judgment was rendered for the plaintiff.   The defendant appeals.

*Alexander Campbell*, for appellant.

*J. C. Davis*, for appellee.   .

District Township of Washington v. Thomas.

ADAMS, J.—It was held in *District Township of Taylor v. Morton*, 37 Iowa, 550, that a board of directors of a district township cannot, without consideration, discharge a debtor, unless authorized by the electors. It was not held, however, that the electors could authorize such discharge. In the case at bar they attempted to authorize the discharge, and did authorize it if they had the power; and the question presented is as to whether they had the power.

The electors of a district township can exercise such powers only as are conferred by statute, either expressly or by reasonable implication. The statute relied upon in this case is section 1717 of the Code, which provides that the electors shall have the power "to direct the sale or other disposition to be made of any school-house or the site thereof, and of such other property, personal or real, as may belong to the district." It is insisted that the power to authorize the discharge of the defendant is included in the power to direct the disposition of the property of the district township. But, in our opinion, the discharge of a debtor without consideration, is not the disposition of property within the meaning of the statute. The demurrer, we think, was properly sustained and the judgment must be

AFFIRMED.