BOARD OF EDUCATION OF THE VILLAGE OF PINE ISLAND *vs.* WILLIAM W. JEWELL and another.

November 1, 1890.

**School-District — Money Lost by Burglary — Liability of Treasurer and Sureties.**—The fact that a school-district treasurer has lost the public funds by burglary, although without his own fault, constitutes no defence to an action on his official bond for the failure to pay over to his successor the money received and not disbursed by him.

**Same—Attempted Release by School-District.**— A vote of the school-district, and of the board of education, without consideration, to discharge the legal obligation of the treasurer, is ineffectual.

Appeal by defendants from an order of the district court for Goodhue county, *McCluer*, J., presiding, refusing a new trial after verdict of $377.28 for plaintiff.

*F. M. Wilson* and *W. C. Williston*, for appellants.

*J. C. McClure*, for respondent.

DICKINSON, J. This action is prosecuted by an independent school-district, organized under chapter 36 of the General Statutes of 1878, to recover on the official bond of a treasurer of the district for moneys which he received, but never paid out nor delivered to his successor in office. The principal ground of defence is that while the treasurer had the money of the district locked in an iron safe in his place of business, which is to be taken to have been a proper place for keeping such funds, the building was burglariously entered, in the night, the safe blown open with gunpowder, and the funds stolen. We are required to pass upon the sufficiency of this defence. The statute (Gen. St. 1878, *c.* 36, § 107) requires the treasurer to execute a bond with sureties "conditioned for the faithful discharge of his duties as treasurer." It also declares that the treasurer shall receive, and upon the order of the board pay out, all moneys belonging to the district. He is required to make official statements of the moneys received by him, and of all his disbursements, and to "pay to his successor in office, upon demand, * * * all money

in his hands belonging to said district." The bond upon which this action is prosecuted adds to the condition specified in the statute (the faithful discharge of the duties of the office) the further condition, among others, that he "shall, at the expiration of his term of office, pay over to his successor in office all moneys remaining in his hands as treasurer as aforesaid."

There is some conflict in the decisions as to the responsibility of public officers and their sureties for the loss of public moneys without negligence or fault on the part of the officers. While in some cases the rule of responsibility of bailees for hire has been applied, exonerating officers who have been found guiltless of negligence, this measure of responsibility is not generally accepted. The great weight of authority in this country will sustain the general propositions, with respect to the liability of such officers and their sureties for the loss of public moneys, that where the statute, in direct terms or from its general tenor, imposes the duty to pay over public moneys received and held as such, and no condition limiting that obligation is discoverable in the statute, the obligation thus imposed upon and assumed by the officer will be deemed to be absolute, and the plea that the money has been stolen or lost without his fault does not constitute a defence to an action for its recovery; that the rule of responsibility of bailees for hire is not applicable in such cases; that where the condition of a bond is that the officer will faithfully discharge the duties of the office, and where the statute, as before stated, imposes the duty of payment or accountability for the money, without condition, the obligors in the bond are subject to the same high degree of responsibility; and that the reasons upon which these propositions rest are to be found both in the unqualified terms of the contract and in considerations of public policy. *U. S.* v. *Prescott,* 3 How. 578; *U. S.* v. *Dashiel,* 4 Wall. 182; *Boyden* v. *U. S.,* 13 Wall. 17; *Inhabitants of Hancock* v. *Hazzard,* 12 Cush. 112; *Inhabitants of New Providence* v. *McEachron,* 33 N. J. Law, 339, affirmed, 35 N. J. Law, 528; *Com.* v. *Comly,* 3 Pa. St. 372; *State* v. *Harper,* 6 Ohio St. 607; *District Tp. of Taylor* v. *Morton,* 37 Iowa, 550; *Thompson* v. *Board,* 30 Ill. 99; *Halbert* v. *State,* 22 Ind. 125; *Morbeck* v. *State,* 28 Ind. 86; *Ward* v. *School-Dist.,* 10 Neb. 293, (4 N. W. Rep. 1001;)

*Wilson* v. *Wichita Co.*, 67 Tex. 647, (4 S. W. Rep. 67;) *State* v. *Nevin*, 19 Nev. 162, (7 Pac. Rep. 650;) *State* v. *Moore*, 74 Mo. 413; *State* v. *Powell*, 67 Mo. 395; *Commissioners* v. *Lineberger*, 3 Mont. 231. The tenor of our own decisions has been in harmony with these authorities, and they may be said to have been based largely at least upon the same reasons above stated. *County of Hennepin* v. *Jones*, 18 Minn. 182, (199;) *County of McLeod* v. *Gilbert*, 19 Minn. 176, (214;). *County of Redwood* v. *Tower*, 28 Minn. 45, (8 N. W. Rep. 907.) This being, as we deem, the generally established rule of law, and this strict measure of responsibility having been so long ago declared by this court upon grounds which, as we think, support the propositions above stated, it should be left for the legislature to modify the law, if the prevailing doctrine is deemed to be inexpedient. From the fact, however, that, notwithstanding the decisions of this court above cited, no legislation upon the subject has followed, it may be inferred that in the judgment of the legislature no change in the law has been deemed to be expedient.

Applying to this case the propositions above stated, the officer and his sureties were responsible. Not only familiar considerations of public policy support this conclusion, but, by the terms of the statute and of the bond, the obligation of the treasurer to pay over the public moneys received by him is subject to no qualification which would permit the defence here relied upon to be interposed. Neither the statute nor the bond seem to contemplate any other mode by which the officer is to be relieved from accountability than by payment of the money received by him. Whether it would be a defence if by act of God or of the public enemy he were prevented from paying the money, we do not decide. Such was the case of *U. S.* v. *Thomas*, 15 Wall. 337, relied upon by the appellants. That decision was not intended to overrule the prior decisions of that court above cited, holding that a loss of the money by theft is no defence. The decision was based upon considerations which were regarded as distinguishing the case from those previously before the court.

The further defence was made that, at a special meeting of the qualified voters of the district, and at a meeting of the board of education of the village, resolutions were adopted to the effect that the

district should assume the loss, and that the treasurer be discharged from liability. We are of the opinion that neither the action of the board nor that of the district was legally effectual to gratuitously discharge the obligation of the treasurer. The express provision in the statute that, in case of any breach in the conditions of the treasurer's bond, "the board shall cause an action to be commenced thereon," etc., (Gen. St. 1878, c. 36, § 107,) in connection with the fact that the statute contains no express authority to discharge such an obligation, nor, so far as we can discover, anything from which such authority is to be implied, is enough to justify the conclusion that no such power has been conferred. We have used the term "gratuitously" for the reason that no consideration for the surrender or discharge of the obligation is apparent. See, upon this subject, *Ward* v. *School-Dist.*, 10 Neb. 293, (4 N. W. Rep. 1001;) *District Tp. of Taylor* v. *Morton*, 37 Iowa, 550 : *Commissioners* v. *Lineberger*, 3 Mont. 231.

Order affirmed.