CHRISTIAN JACOBSON, TREASURER OF SCHOOL DISTRICT No. 77, BUFFALO COUNTY, APPELLANT, V. LYMAN CARY, COUNTY TREASURER OF BUFFALO COUNTY, ET AL., APPELLEES.

FILED JUNE 3, 1897. No. 9135.

Bond of School District: COLLECTION OF TAXES FOR PAYMENT: LOSS OF FUNDS IN INSOLVENT BANK. A school district issued a bond under and in pursuance of subdivision 15, chapter 79, Compiled Statutes, and a sufficient amount was raised by taxation and paid to the county treasurer by the taxpayers of the district in accordance with law, for the purpose of paying said bond according to its terms, but before the maturity of the bond, the treasurer, without the knowledge and consent of the holder of the bond, lost the money by depositing the same in insolvent banks. *Held,* Such loss did not fall upon the bond-holder, and that the tax levied by the county board upon the property of the school district to pay the balance due on said bond was proper.

APPEAL from the district court of Buffalo county. Heard below before SULLIVAN, J. *Affirmed.*

*Marston & Marston,* for appellant.

*Fred A. Nye, contra.*

NORVAL, J.

This cause was submitted under rule 2, upon printed briefs accompanied by an agreed printed abstract of the record.   The suit was brought by the treasurer of school District 77 of Buffalo county, in his official capacity and as a taxpayer of said district, to restrain the collection of a tax levied by the county board of said county upon the taxable property of said district, to pay its outstanding bonds.   The cause was determined in the court below upon the petition and answer, and from a decree dismissing the petition, plaintiff appeals.

The undisputed facts, as shown by the pleadings, may be summarized thus: In April, 1885, said school district issued its bond for $400, payable in ten years, with semiannual interest at seven per cent, and prior to the maturity of the bond the proper authorities levied a sufficient tax on the property of said school district to pay the interest as it accrued, as well as the principal when due, and the taxes so levied were duly collected and paid to the county treasurer; "that prior to April 19, 1895, all interest had been promptly paid by taxes levied and collected from said district, and that June 10, 1895, $200, and January 22, 1896, $75 was paid on the principal, leaving $125 due, and that in addition to these two amounts there had been collected by taxation from said district and paid to, and received by, the county treasurer $170.80, for the purpose of paying the balance of said bond, which sum was by the said county treasurer, pursuant to the provisions of chapter 18, article 3, sections 18, 19, 20, and 21, of the Compiled Statutes of Nebraska, 1895, and the order of the county board, deposited prior to August 31, 1894, in banks as follows:

| | |
|---|---:|
| Kearney National, Kearney.................. | $49 37 |
| First National, Kearney...................... | 39 26 |
| Amherst .................................... | 19 08 |
| Buffalo County National, Kearney............. | 40 84 |
| First National, Ravenna..................... | 22 25 |
| Total ................................. | $170 80 |

which was in said banks when they suspended and passed into the hands of receivers, and still remains, except $45.85 received by said treasurer as dividends, and that said money was deposited by the said county treasurer and lost without the knowledge or consent of the holder of said bond;" that the county board, on June 12, 1896, for the purpose of paying said bond, levied a tax of ten mills on the dollar of the assessed valuation of the taxable property of said district, which levy has been extended upon the tax books of the said county and was about to be collected by the defendants.

It will be observed that sufficient money to discharge the bond in question has been raised by taxation and paid into the county treasury; that before the maturity of the bond he deposited $170.80 of the money so received by him in certain banks, which subsequently suspended; that the money so deposited was lost without the knowledge or consent of the bondholder. The sole question presented is upon whom must the loss fall? This bond was voted and issued, and the money deposited in the banks was derived from taxes levied under and in pursuance of subdivision 15, chapter 79, Compiled Statutes, 1895. Sections 13 and 17 of said subdivision read as follows:

"Sec. 13. It shall be the duty of the board of county commissioners in each county to levy, annually, upon all the taxable property in each school district in such county, a tax sufficient to pay the interest accruing upon any bond issued by such school district, and to provide a sinking fund for the final redemption of the same, such levy to be made with the annual levy of the county and the taxes collected with other taxes, and when collected shall be and remain in the hands of the county treasurer, a specific fund for the payment of the interest upon such bonds, and for the final payment of the same at maturity. It shall be the duty of the county clerk to furnish a copy of his register to the county treasurer.

"Sec. 17. The tax and funds so collected shall be

deemed pledged and appropriated to the payment of the interest and principal of the registered bonds herein provided for, until satisfied, and the treasurer shall be liable on his official bond for the faithful disbursements of all moneys so collected or received by him," etc.

Counsel for the respective parties agree that the money collected from the taxpayers of the district to pay this bond was not a "current fund" which the treasurer was authorized or required to deposit in bank under the provisions of the depository law. It would seem to follow, especially in view of section 17 quoted above, that the treasurer who deposits said money in banks is liable on his official bond for the loss of the funds. (See *Ward v. School District*, 10 Neb., 293.)

This brings us to the question, who is liable to the holder of this bond for the balance due thereon? Counsel for plaintiff insists that the taxpayers of the district have done no wrong, have not been remiss in any duty, have paid their money to the person required by statute, and hence fully discharged their obligation under the law and the bond. If the payment of the money to the county treasurer was, in law, payment to the bond-holder, the district is discharged from liability. The money belonged to the district until paid to the owner of the bond. The county treasurer was not the agent of the latter, but under the law was the proper custodian of the money for the district, and he held the money as a specific fund for the payment of the bond according to its terms. The money was deposited and lost before the obligation matured, and the owner of the bond had a right to demand payment. The school district, and not the latter, should bear the loss, if any there shall ultimately be. The decree is right and is accordingly

AFFIRMED.