DE ROCKBRAINE SCHOOL DISTRICT NO. 1 OF CORSON COUNTY, Respondent, v. NORTHERN CASUALTY COMPANY, Appellant.

(155 N. W. 10.)

(File No. 3771.    Opinion filed December 1, 1915.)

**Schools—District Treasurer's Bond, Liability on—Moneys Lost in Insolvent Bank—Payment of "According to Law"—Statute.**

Pol. Code, Sec. 2335, requires a school district treasurer to give bond conditioned that he will honestly and faithfully discharge his duties as treasurer, render a true account of all funds coming into his hands, and pay and deliver the same according to law. Held, that under the statute and a bond conditioned substantially in accordance with said statute, such treasurer and his sureties are liable for the amount of school district moneys deposited by the treasurer in a bank which afterwards failed, causing the loss thereof; although there was no malfeasance or negligence in handling the funds; they being insurers of said funds; that, when no selection of a depositary is made, the only way such treasurer could legally account for and pay out said moneys "according to law" is to pay it out upon warrants legally issued, and drawn by the proper officers against such funds, and by turning the remainder over to his successor; that where there is no condition, in the statute or the bond limiting the obligation to pay over public moneys, such obligation will be deemed absolute.

Appeal from Circuit Court, Corson County.    Hon. RAYMOND L. DILLMAN, Judge.

Action by De Rockbraine School District No. 1 of Corson County, against the Northern Casualty Company, to recover upon a school district bond.    From a judgment for plaintiff, defendant appeals.    Affirmed.

*Boucher and Johnson,* and *E. N. Hoffman,* for Appellant.

*P. J. Tscharner,* for Respondent.

Appellant cited: .

United States v. Thomas, 15 Wall. 337, 82 Law Ed. 91; State v. Copeland, 96 Tenn. 396, 54 Amer. St. Rep. 845; Laws 1907, Ch. 135, Art. 4, Sec. 102; City v. Woods, City Treasurer, et al. (Mont.) 49 Pac. 437; City v. Mulligan, 113 Cal. 205, 45 Pac. 337; Wilson v. People, (Colo.) 33 L. R. A. 449; City of Healdsburg v. Mulligan, (Cal.) 45 Pac. 337; City of Livingston v. Woods, City Treasurer, et al., 49 Pac. 437; State v. Gramm (Wyo.) 52 Pac. 533.

Respondent cited:

United States v. Prescott 11 U. S. (L. Ed.) 643; 3 How. 578; U. S. v. Dashill, 18 U. S. (L. Ed) 319, 4 Wall. 182; U. S. v. Thomas, 21 U. S. (L. Ed.) 89, 15 Wall. 337; Bryden v. U. S. 80 U. S. 13; Smythe v. U. S. 188 U. S. 156; 47 U. S. (L. Ed.) 425; Clay County v. Simonson, (Dak.) 46 N. W. 592; District Township v. Morton, 37 Iowa 550; Laws 1907, Ch. 135, Art. 4, Sec. 85; Dissenting opinion in case of State v. Gramm (Wyo.) 40 L. R, A. 691 (710); Cameron v. Hicks, 65 W. Va. 484, 17 Am. & Eng. Ann. Cas. 926; Fairchild v. Hedges, ('Wash.) 31 L. R. A. 851; Tillinghast v. Merrill, 151 N. Y. 135, 34 L. R. A. 678; Rose v. Douglas Twp. 52 Kan. 451; Griffen v. Mississippi Levee Comrs. 71 Miss. 767; Nason v. Directors of the Poor, 126 Pa. 455; Northern Pac. Ry. Co. v. Owens (Minn.) 90 N. W. 371; State v. Bobleter, 83 Minn. 479; Bush v. Johnson County, (Neb.) 66 N. W. 1023; Mecklenburg County v. Beales, 111 Va. 691 (36 L. R. A. N. S.) 285; 23 Am. & Eng. Enc. of Law, 374; Babcock et al. v. City of Rocky Ford (Colo.) 137 Pac. 899; Ramsey Estate v. People 64 N. E. 549.

McCOY, P. J.  Findings and judgment were in favor of plaintiff, and defendant, Northern Casualty Company, appeals.

There is but one question vital to a determination of this cause.  One Beacom was treasurer of the respondent school district, and appellant, Northern Casualty Company, was a surety on his official bond.  The obligation of such bond was as follows:

"The conditions of the above obligation are such that, if said P. William Beacom, treasurer as aforesaid, shall honestly and faithfully discharge his duties as treasurer of said school district, acocrding to the laws which now are or may hereafter be in force, and shall render a true account of all funds and property that

shall come into his hands, and pay over and deliver the same according to law, and at the expiration of his term of office deliver to and pay over to his successor in office all moneys, books, papers, securities, and property in his hands as treasurer, then this obligation shall be null and void; otherwise, to remain in full force."

Beacom deposited with the First State Bank of McIntosh $3,192.07 of the moneys of respondent, which came into his hands as such treasurer. While said moneys were so deposited, the said bank became insolvent and failed, and said moneys by reason thereof became lost to plaintiff; the said Beacom never having paid the same to plaintiff. There was no malfeasance in office on the part of said treasurer, nor any negligence in the selection by him of said bank as a depositary for said moneys.

It is the contention of appellant that under these circumstances it is not liable to make said moneys good to respondent; that appellant by such bond only obligated itself to make good such moneys as plaintiff might lose by reason of the malfeasance, fraud, or dishonesty of said treasurer. It is contended that such treasurer was only required to make payments of said moneys to plaintiff according to law; that said treasurer, being a bailee for hire, was only required by law to use due care in selecting a depositary for said moneys, and, having done so, cannot be required to make good the loss occasioned by such bank failure. We are of the opinion that such contention is not well grounded. There are some authorities, however, holding otherwise; but we are of the view that the great weight of judicial authority is against appellant's contention, when applied to a statute and an obligation such as is contained in the bond in question. The statute under which the bond in question was given provides that such treasurer shall give a bond conditioned that he will honestly and faithfully discharge his duties as treasurer, that he will render a true account of all funds that shall come into his hands, and pay and deliver the same according to law.

The question here is: Has there been a breach in the conditions of the bond? Has the condition of the bond been broken where the treasurer, although guilty of no negligence or malfeasance, fails to account for and pay over the funds intrusted to him when required to do so? We are of the view that such failure constitutes a breach of the bond. Such a treasurer's liability

is to be measured by the terms and conditions of his bond and the statute under which the same was given, and these, in this case, bind him to pay over to his successor all moneys that shall come into his hands as such treasurer, or otherwise account for and pay out the same according to law. When no selection of a depositary has been made, the only way he can legally account for and pay out the same "according to law" is to pay the same out upon warrants legally issued and drawn by the proper officers against such funds and by turning the remainder over to his successor. This is the only sort of paying over "according to law" that is comprehended within the terms of said bond and the statutes of this state. Under such a bond and statute defendant Beacom and his sureties were insurers of the school funds in question.

The great weight of authority sustains this proposition, with respect to the liability of a public officer and his sureties for the loss of public moneys: That where the statute in direct terms imposes the duty to *pay over* public moneys received and held as such, and no condition limiting that obligation is discoverable in the statute or bond, the obligation thus imposed and assumed by the public officer will be deemed to be absolute, and the fact that the money has been lost, either through theft, robbery, bank failure, accidental fire, or other cause, without his fault, does not constitute a defense to an action for recovery on the bond. Cameron v. Hicks, 65 W. Va. 484, 64 S. E. 832, 17 Ann. Cas. 926, and exhaustive note; Clay County v. Simonsen, 1 Dak. 403, 46 N. W. 592; Tillinghast v. Merrill, 151 N. Y. 135, 45 N. E. 375, 34 L. R. A. 678, 56 Am. St. Rep. 612; Gartley v. People, 24 Colo. 155, 49 Pac. 272; Van Trees v. Territory, 7 Okl. 353, 54 Pac. 495; Lamb v. Dart, 108 Ga. 602, 34 S. E. 160; Mecklenburg Co. v. Beales, 111 Va. 691, 69 S. E. 1032, 36 L. R. A. (N. S.) 289; Fairchild v. Hedges, 14 Wash. 117, 44 Pac. 125, 31 L. R. A. 851; Board of Ed. v. Jewell, 44 Minn. 427, 46 N. W. 914, 20 Am. St. Rep. 586; Rose v. Douglass Tp., 52 Kan. 451, 34 Pac. 1046, 39 Am. St. Rep. 354; Babcock v. Rocky Ford, 25 Colo. App. 312, 137 Pac. 899; Bush v. Johnson County, 48 Neb. 1, 66 N. W. 1023, 32 L. R. A. 223, 58 Am. St. Rep. 673; N. P. Ry. v. Owens, 86 Minn. 188, 90 N. W. 371, 57 L. R. A. 634, 91 Am. St. Rep. 336; Nason

v. Directors, 126 Pa. 455, 17 Atl. 616; State v. Bobleter, 83 Minn. 479, 86 N. W. 461.

The judgment and order appealed from are affirmed.