KNOX COUNTY, APPELLANT, V. ROBERT S. COOK ET.AL., APPELLEES.

FILED MARCH 23, 1934. No. 28889.

*Arthur L. Burbridge,* for appellant.

*W. A. Meserve, Kennedy, Holland & De Lacy* and *Montgomery, Hall & Young, contra.*

Heard before GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

GOOD, J.

This is an action against the principal and sureties on the official bonds of Robert S. Cook, as county judge of Knox county, to recover certain sums of money claimed to be due the plaintiff from Cook as unreported fees, and also for trust funds for which he has failed to account. Each of the defendants filed answers denying liability. The cause was tried to the court without the intervention of a jury, and it found for plaintiff as to certain unreported fees and for the defendants as to the trust funds. Plaintiff has appealed from the judgment in so far as it found for defendants as to trust funds in Cook's possession, and the sureties on the bonds have filed a cross-appeal from the refusal of the court to allow the county judge credit for premiums paid by him to the bonding companies for becoming sureties on his official bonds.

It appears that Cook has served several terms as county judge of Knox county. This appeal involves three terms of his office, with two different sureties on his bonds for the different terms.

The question of liability for trust funds arises out of the fact that Cook had deposited such funds in banks which became insolvent and thereby occasioned the loss for which recovery is sought. It is conceded that Cook acted in good faith and was not negligent in selecting the depositories. The trial court took the view that, since he was acting in good faith and was not guilty of any negligence in the selection of the depositories, he was not liable for loss occasioned by the insolvency of such depositories.

With respect to the liability of officials upon their bonds for funds coming into their hands by virtue of their office, the authorities are not harmonious. The United States supreme court and by far the greater number of the state

courts which have passed upon the question hold to the view that such officers are liable for any loss except that which is caused by the act of God or the public enemy, and that officials must account for funds lost in depositories which have become insolvent, unless such deposits were authorized by law. Counsel for defendants contend that a county judge should be placed in the same category as executors, administrators, guardians and trustees, and that the rule as to these is that they are not liable for loss of funds committed to their care and deposited in banks, unless they have been negligent in selecting the depository banks.

This court held in *Bank of Crab Orchard v. Myers,* 120 Neb. 84: "An administrator is not personally liable for funds of his decedent which he deposits in a bank and which are lost because of the bank's failure, unless he was negligent in selecting the depository." And such, we think, is the rule, supported by the great weight of authority, as to administrators, executors, guardians and trustees. However, the courts generally take a different view with reference to state and county officials, and the greater number of them hold to the effect that such officials are liable on their official bonds for the loss of any funds committed to their care by virtue of their office, except where the loss is occasioned by the act of God or the public enemy. For a half century this court has been committed to the doctrine of strict accountability.

In *Ward v. School District No. 15,* 10 Neb. 293, it was held that a school district treasurer was liable on his bond for funds lost through insolvency of a bank in which he had deposited school funds. It did not appear in that case that there was any question of bad faith or negligence in the selection of a depository.

In *State v. Sheldon,* 10 Neb. 452, this court held a county treasurer liable for public funds which had been stolen from him, and that the theft was no justification for failure of the treasurer to account for such funds.

In *Bush v. Johnson County,* 48 Neb. 1, a county treas-

urer and his sureties were held liable for public funds deposited by him in a bank and lost because of the bank's insolvency.

In *Thomssen v. Hall County,* 63 Neb. 777, it was held: "In this state a county treasurer is an insurer of the funds which come into his hands *ex officio,* and such treasurer and his bondsmen cannot, in an action by the county to recover funds not accounted for, plead that such funds were lost without any fault or neglect on the part of the treasurer, by the failure of a bank in which they were deposited for safe-keeping only, and in good faith, believing such bank to be solvent."

Since the rendition of these opinions the legislature has been in session many times and has not seen fit to pass any act which would relieve county judges from liability to account for funds, received *ex officio* and lost without any negligence of such official.

Counsel for defendants cite and rely to some extent upon the act of the legislature in providing for depositories for state and county funds. In more recent years the legislature has gone farther and provided for depositories for funds of treasurers of municipalities, townships and school districts, but thus far has failed to provide for creating any depository for funds held *ex officio* by county judges. In the absence of such legislation, this court is not warranted in extending to county judges the protection that the legislature has extended to state, county, municipal, township and school treasurers. Were the question an open one in this state, we might view with favor the contention that a county judge should not be held liable for the loss of funds, received by virtue of his office, deposited in a bank and lost because of its insolvency, where he had been diligent and careful in the selection of a depository. It is a matter of common knowledge that county judges, from time to time, may have large sums of money committed to their care, especially in condemnation proceedings, which funds remain in their custody for a considerable length of time pending final

settlement of the condemnation proceedings, and it seems a harsh rule to require them to be absolute insurers of such funds, but the remedy must be provided by the legislature, not by the court.

From the record it appears that through the insolvency of the Center State Bank of Center, Nebraska, defendant Cook lost trust funds to the extent of $963.96, and through the insolvency of the First State Bank of Winnetoon trust funds were lost to the extent of $353.29. Under the law as it now exists, he should be held to account for these items.

The cross-appeal presents the question as to whether a county judge should be allowed credit for the sums he has paid out as premiums on his official bonds, in this instance amounting to $421.50. Defendants assert that the same rule should apply to county judges as is applied to executors, administrators, guardians and trustees, and that these persons who give surety bonds are entitled to charge the premiums on such bonds to the trust funds as an item of expense. It must be observed that the bond of a county judge is not to secure payment of trust funds alone but for many other items, and that, while there is statutory authority for payment out of the general fund of premiums on bonds of county treasurers, there is no statutory authority for paying the premiums on the official bond of a county judge. It must be borne in mind that such premium, if paid, would be paid out of the county general fund. A county judge can draw upon that fund only when a claim has been allowed and a warrant duly issued. Had defendant Cook presented to the county board a claim for such premiums by him paid, whether the county board should have allowed such claim is not before us and is not decided. In the instant case, no claim was presented to the county board for premiums, and consequently none was allowed. In the absence of such allowance, there can be no question that he was not entitled to credit for these items against the fees which he had collected. The trial court rightly held that defendant Cook was not entitled to

offset against unreported fees a claim for premiums paid by him upon his official bonds.

The judgment of the district court, in so far as it denied defendant Cook credit for the premiums on his official bonds, is affirmed, and, in so far as it disallowed the claims for trust funds, lost through insolvency of banks, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND REVERSED IN PART.