DAVISON, Appellant, v. SASSE, Respondent

(31 N. W.2d 758.)

(File No. 8957. Opinion filed March 29, 1948.)

**Irvin H. Myers,** of Watertown, for Appellants.
**Edward P. Gribbin,** of Watertown, for Respondent.

SICKEL, J.   On November 1, 1929, L. A. Sasse, defendant, executed and delivered to Annie F. Davison, the plaintiff, his promissory note for $300 payable November 1, 1930. At the time of the execution and delivery of the note, and at all times since, the plaintiff was a resident of South Dakota and defendant was a resident of Minnesota.   Jurisdiction was obtained in the Municipal Court of the City of Watertown by garnishment and the service of process on the defendant in Minnesota.   The defendant answered the plaintiff's complaint alleging that the note was barred by the six-years statute of limitation of the State of Minnesota. M. S. A. § 541.05.   The Municipal Court so held, and entered judgment dismissing the action.   Plaintiff appealed.

It is well established by the decision of this court that "a statute which merely limits the time within which action may be brought upon a contract affects the remedy only, and not the right, and can have no extraterritorial effect, and will not prevent action upon the contract thereafter in the forum of some other state unless a statute of the forum so provides."   L. D. Powell Co. v. Larkin, 52 S. D. 245, 217 N. W. 200, 202; Raymond v. Barnard, 71 S. D. 630, 28 N. W.2d 700. The Minnesota statute operates on the remedy and does not extinguish the right.   State v. Kaml, 181 Minn. 523, 233 N. W. 802. Therefore, the action on the note in the South Dakota court was not affected by the fact that the action was barred by the Minnesota statute of limitations.   The defendant does not claim that the action is barred by the laws of South Dakota.

Judgment reversed.

All of the Judges concur.