EDGERTON INDEPENDENT CONSOLIDATED SCHOOL
DISTRICT NO. 2 of Hanson County et al, Respondents,

v. VOLZ et al, Appellants.

(208 N. W. 576.)

(File No. 5706.   Opinion filed April 22, 1926.).

1.   **Depositaries—Public Funds—Act Requiring Municipal, Township, and School Funds to Be Deposited in Banks Within the State Held Not Merely to Forbid Deposits in Banks Without State, but a Positive Command that They Be Deposited in Banks Within State (Laws 1921, c. 335).**

Laws 1921, c. 335, requiring county, municipal, township, and school funds, for safety of which treasurer thereof is chargeable, to be deposited in banks within state, unless otherwise specifically provided by law, does not merely forbid deposit of such funds in banks without state, but is a positive command that funds shall be deposited in banks within state.

2.   **Depositaries—Act Requiring County, Municipal, Township, and School Funds to Be Deposited in Banks Within State Held Not Limited to Cases Where a Governing Body Had Authority to Select a Depositary (Laws 1921, c. 335).**

Laws 1921, c. 335, requiring county, municipal, township, and school funds, for safety of which respective treasurer is chargeable, to be deposited in banks within state, unless otherwise specifically provided, is not limited to cases where a governing body had authority to select a depositary.

3. Depositaries—Treasurer of County, Municipality, Township, or School District, Selecting Depositary for Funds in Good Faith and in Exercise of Reasonable Prudence, Cannot Be Chargeable with Negligence in Making Such Selection (Laws 1921, c. 335; Rev. Code 1919, Sec. 9013).

Where treasurer of a county, municipality, township, or school district, as required by Laws 1921, c. 335, in good faith and in exercise of reasonable prudence, selects a depositary for its funds in accordance with Rev. Code 1919, Sec. 9013, he cannot be chargeable with negligence in making such selection.

4. Statutes—Constitutional Law—Title of Act Regulating Depositing of County, Municipal, Township, and School Funds in Banks Within State Held Not Unconstitutional, but Adequate to Give Notice of Contents of Body of Act (Laws 1921, c. 335; Const., Art 3, Sec. 21).

5. Depositaries—Constitutional Law—Act Requiring Funds of County, Municipality, Township, or School District to Be Deposited by Its Treasurer in Banks Within State, Thus Exempting Treasurer from Liability if Depositary Becomes Insolvent, Held Not Unconstitutional as Extinguishing Debt Due State or Its Political Subdivisions (Laws 1921, c. 335; Const., Art. 3, Sec. 24).

Laws 1921, c. 335, requiring funds of county, municipality, township, or school district to be deposited by its treasurer in banks within state, thus exempting treasurer from liability in case depositary becomes insolvent, held not violative of Const., Art. 3, Sec. 24, as extinguishing a debt due the state or any of its political subdivisions.

6. Depositaries—On Selection of Depositary for Funds of School District by Treasurer and Making of Deposit, Relation of Debtor and Creditor Arose Between Depositary Bank and School District (Laws 1921, c. 335).

When treasurer of school district, pursuant to Laws 1921, c. 335, selected bank as depositary for funds of school district and made such deposits, relation of debtor and creditor arose, not between bank and treasurer, but between bank and school district.

7. Schools and School Districts—Depositaries—Treasurer, Acting in Good Faith in Selecting Depositary for School District's Funds,

Held Not Liable to School District on Failure of Depositary Bank (Rev. Code 1919, Sec. 9013; Laws 1921, c. 335).

Where treasurer of school district, acting in good faith, selected a depositary without requiring bond from bank, as permitted by Rev. Code 1919, Sec. 9013, held that, in view of Laws 1921, c. 335, treasurer and surety on his bond are not liable to school district on failure of such bank; treasurer not being liable as an insurer of solvency of bank.

8.   Schools and School Districts—Treasurer of School District, in Selecting Depositary for Funds and in Depositing Them, Held to Have Complied with Every Requirement of Bond as Given, Though Such Requirements Were in Excess of Statutory Requirements.

Treasurer of school district, in selecting depositary for school district's funds and deposit of such funds, held to have not only faithfully discharged his duties as treasurer, for which statute requires bond, but to have fully complied with every requirement of bond as given, which bond exceeded statutory requirements, and hence no recovery can be had against treasurer or his bondsmen on theory that bond created a common-law liability and was valid as a voluntary obligation.

Note.—See, Headnote (1), (2) and (5), American Key-Numbered Digest, Depositaries, Key-No. 6, 18 C. J. Sec. 46; (3) Depositaries, Key-No. 6, 18 C. J. Sec. 51 (Anno.); (4) Statutes, Key-No. 121(1), 36 Cyc. 1042; (6) Depositaries, Key-No. 8, 18 C. J. Sec. 67 (Anno.); (7) Schools and school districts, Key-No. 63(3), 35 Cyc. 912(Anno.); (8) Schools and schools districts, Key-No. 63(4), 35 Cyc. 914.

Appeal from Circuit Court, Hanson County; HON. FRANK B. SMITH, Judge.

Action by the Edgerton Independent Consolidated School District No. 2 of Hanson County and another against Matt Volz and another. Judgment for plaintiffs, and defendants appeal. Reversed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.
*H. G. Giddings,* of Mitchell, for Respondents.

GATES, P. J.   Plaintiff is a consolidated school district of Hanson county. Defendant Volz was its treasurer. The Western Surety Company was the surety on his official bond. On January 25, 1924, the Farmers' & Merchants' State Bank of Farmer, S. D., which had complied with the Depositors' Guaranty Fund Law, suspended and was taken over by the superintendent of banks,

and is in process of liquidation. On that day Volz, in his name as such treasurer, had on deposit in said bank funds of plaintiff in the sum of $8,320.26. This action was brought to recover said sum from the treasurer and his bondsman. The court found:

"That at all times while the said Matt Volz as such treasurer was depositing said funds in said bank, said bank was a bank of good repute, believed by him and the public generally to be solvent and able at all times to meet its obligations."

Fndings of fact, conclusions of law, and judgment were entered in favor of plaintiff. Defendants appeal.

The broad question before us is whether the treasurer and his bondsman are liable to the school district for the money deposited in said failed bank.

In 1921 the Legislature enacted chapter 335 of the Laws of that session, which reads as follows:

"An act entitled, an act regulating the depositing of all county, municipal, township and school funds within the state of South Dakota.

"Be it enacted by the Legislature of the State of South Dakota:

"Section 1. That all funds of every kind and character, including moneys, credits or other assets, for the safety of which the treasurer of any county, municipality, township or school district is chargeable, shall be deposited in banks within the state of South Dakota, unless otherwise specifically provided by law.

"Sec. 2. All acts and parts of acts in conflict with this act are hereby repealed."

Prior to said enactment, except as otherwise provided by statute, treasurers of public funds were insurers thereof, and the facts above set forth would not have relieved the treasurer nor his bondsman from liability. Clay County v. Simonson, 46 N. W. 593, 1 Dak. 387; De Rockbraine School Dist. v. Northern Casualty Co., 155 N. W. 10, 36 S. D. 392; State v. Schamber, 165 N. W. 241, 39 S. D. 492, L. R. A. 1918B, 803. It must be noted that in none of those three cases was the power or duty of the treasurer to deposit in banks involved.

Appellants contend that the act of 1921 authorized and directed the treasurer to deposit said money in a bank or banks in

South Dakota; that section 9013, Rev. Code 1919, permitted the treasurer to deposit said money in said Farmers' & Merchants' State Bank without requiring a bond from the bank for the purpose of becoming such depositary, and that neither the treasurer nor his bondsman are now liable to plaintiff for the money so deposited.

Respondent contends that the purpose of the act was merely to forbid the deposit of public funds in banks without the state; that, if such was not the intention, then that it was intended to apply only in those cases where by virtue of some existing statute a governing body was authorized to select a depositary; that, as construed by appellants, the act of 1921 would violate sections 21 and 24 of article 3 of the Constitution, and that, in so far as the terms of the bond exceeded the statutory requirements, the bond created a common-law liability and was valid as a voluntary obligation.

We are of the opinion that appellants' contentions are well founded, and that none of the points made by respondent has merit.

[1]   The said act of 1921 is not susceptible of the interpretation that its purpose was merely to forbid the deposit of public funds in banks without the state. There is a positive command that the funds shall be deposited in banks unless otherwise specified by law, and that such deposit shall be made in banks within South Dakota. To say that the act leaves it optional to the treasurer to deposit or not deposit as he sees fit, but that, if he does deposit, it must be in a South Dakota bank, would, in our opinion, constitute judicial legislation of an extreme type.

If the purpose of the act was simply negative, the Legislature would scarcely have used words of affirmative command. It does not seem conceivable from the act that, if the sole purpose of the act was to declare "thou shalt not" deposit the public moneys in banks without the state, the Legislature would have said "thou shalt" deposit the public moneys in banks within the state.

[2, 3]   Nor is there merit in the contention that the act applies only to those cases where a governing body had authority to select a depositary. The broad language of the act negatives such a meaning. We do not doubt that the governing bodies that

are authorized to designate depositaries may still do so, and that the act of 1921 would be complied with if the treasurer deposits accordingly. But, if there is no authority in a governing body to designate a depositary, or if such authority exists but is not exercised, then the act of 1921 requires the treasurer to select the depositary, and, when in good faith and in the exercise of reasonable prudence he selects a depositary in accordance with the provisions of section 9013, Rev. Code 1919, he cannot be chargeable with negligence in making such selection.

[4] Section 21 of article 3 of our Constitution provides:

"No law shall embrace more than one subject, which shall be expressed in its title."

The gist of respondent's argument as to the violation of that section by the act of 1921 is that the word "regulating" in the title does not forecast "requiring" in the body of the act. The point is too attenuated to deserve discussion. The word "regulating" in the title necessarily gives notice that something is to be required to be done by the act. We find the title of the act entirely adequate to give notice of the contents of the body of the act, and that it does not violate the constitutional provision.

[5] Nor is section 24 of article 3 of the Constitution violated by the act. That section reads as follows:

"The Legislature shall have no power to release or extinguish in whole or in part, the indebtedness, liability or obligation of any corporation or individual to this state, or to any municipal corporation therein."

A law providing for a depositary of public funds, and exempting the treasurer from liability in case the depositary becomes insolvent, is in no sense an extinguishment of a debt due the state or any of its political subdivisions. It is certainly within the legislative function to say when, how, and where the public moneys are to be deposited, and to relieve public treasurers from responsibility if they comply with legislative directions.

[6] What effect then did the insolvency and suspension of the depositary bank have upon the liability of defendants to plaintiff? When the treasurer selected the Farmers' & Merchants' Bank of Farmer as the bank in which he would deposit the funds of the school district, and when he made such deposits, the rela-

tion of debtor and creditor arose, not between the bank and him, but between the bank and the school district. Board of Ed. v. Nelson, 157 N. W. 664, 33 N. D. 462.

It is clear, upon principle and authority, that, if the school district had been authorized to designate, and had designated, said bank as the depositary, then the failure of the bank would have relieved the treasurer from liability for the amount on deposit. In many depositary acts in this and other states it is expressly provided that a compliance with the act will relieve the treasurer from such liability, but such express provision is not necessary to accomplish the same result. In Perley v. County of Muskegon, 32 Mich. 132, 20 Am. Rep. 637, the court said:

"The deposit which creates these contract relations must be either the money of the officer or of the public, but it cannot usually be that of both. If an officer is required or authorized by law to make deposits in any particular place or with any particular person, he is usually, if not universally, protected from any further responsibility, so long as he leaves it there, and is not a guarantor of the safety of the deposit."

In City of Livingston v. Woods, 49 P. 437, 20 Mont. 91, the court held that, because the law of the state and the ordinance of the city required the city treasurer to deposit city funds in a bank, the treasurer was not liable for funds lost by reason of the failure of the depositary bank; it having been admitted that the officer made the deposit in a bank of good standing and reputation, and that he exercised good business caution and prudence, and was without fault, negligence, or fraud in so doing. In that case as in the case at bar the law did not provide for the designation of a depositary.

In Board of Ed. v. Nelson, supra, the court said of the North Dakota Depositary Act:

"Whether prior to that date the liability of city and school district treasurers was absolute as insurers of moneys received or less limited under the several rules prevailing in the absence of depositary statutes is foreign to this inquiry. It is certain that under this enactment the officer is no longer an insurer against loss where he has complied with the statute requiring the deposit of public funds in the depositary bank. Comp. Laws 1913, § 1486.

8—Vol. 50, S. D.

Instead of the old relationship of liability of the official to the municipality, the Legislature has seen fit to declare it to be the better policy to substitute a relation of debtor and creditor as between the bank and the municipality. * * * The state has therefore chosen to depart from any absolute or limited theory of the officer as insurer, and has substituted therefor the liability of its depositary, assuming rather to take the risk of the latter than of the official as to ability to respond for public funds."

In the matter entitled In re State Treasurer's Settlement, 70 N. W. 532, 51 Neb. 116, 36 L. R. A. 746, one of the questions was as stated by the court:

"Are the current funds duly deposited by a state treasurer, in accordance with law, in regularly constituted state depositaries, and which remained on deposit therein at the time of the expiration of the term of such officer to be considered and regarded as in the state treasury, in such a sense as that the said funds are note required by law to be produced by the outgoing treasurer and the physical possession thereof delivered to his successor in office?"

Those questions were answered in the affirmative, and it was pointed out that in Nebraska prior to the enactment of the depositary law the rule was there in force that the treasurer was an insurer of the funds.

[7] There is no distinction in principle between a deposit made pursuant to law in a depositary designated by the governing body of a municipality or other political subdivision of the state and a deposit made in a depositary designated by the depositor, he having authority to designate, where he acts in good faith in selecting the depositary. Especially should this be true when the legislative act not only permits but commands the treasurer to make such deposit. Assuming, as is shown in this case, that the treasurer has acted in good faith in the selection of a depositary and in continuing the deposits therein, it is incompatible with the idea of common justice for the law to compel a treasurer to deposit money in a bank, to provide, as is done by section 9013, Rev. Rev. Code 1919, that no bond shall be required by him from the bank to secure such deposit, and then, when the bank fails, to hold the treasurer liable as an insurer of the solvency of the bank.

[8]   We come now to the contention of respondent that, in so far as the bond given exceeded the statutory requirements, the bond created a common-law liability, and was valid as a voluntary obligation.   The statute merely requires a bond for the faithful discharge of the principal's duties as treasurer, but the bond given in this case provided:

"Now therefore, if the said principal shall faithfully and impartially discharge the duties of said office, and render a true account of all moneys, credits, accounts, and property of any kind that shall come into his hands as such officer, and pay over and deliver the same according to law, then the above obligation to be void, otherwise to remain in full force and virtue."

Instances are not infrequent where the principal and surety on an official bond are held liable under provisions that exceed statutory requirements of the bond, but in this case we think that the treasurer not only faithfully discharged his duties as treasurer, but also that he has fully complied with every requirement of the bond as given.   The trial court found:

"That as such treasurer the said Matt Volz did from time to time and at all times while such treasurer, deposit in said Farmers' & Merchants' State Bank all money and funds which came into his hands as such treasurer, which account was kept in said bank in the name of 'Matt Volz, Treas. Edgerton Consolidated School, Farmer, S. D.'   That the said Matt Volz as such treasurer did from time to time and during all the time while he was such treasurer, prepare and submit in writing monthly reports of the state of the finances of said school district, and did produce at the meetings of the board all checks and papers pertaining to his office, which report showed said money and funds of said district to be deposited in said bank as aforesaid.   That the said Matt Volz has offered to and does offer to assign unto the said plaintiff said account and deposit in said bank."

By reason of the facts found by the trial court, and by reason of the law as we have applied it, the treasurer has rendered a true account of all moneys that came into his hands as treasurer, and has paid over and delivered the same according to law.

The judgment is reversed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.