ROBERTS COUNTY, Appellant, v. WICKARD, et al, Respondent.

(221 N. W. 246.)

(File No. 6100. Opinion filed September 29, 1928.)

*Clarence Anderberg,* of Sisseton, for Appellant.

*Howard Babcock* and *A. O. Bunde,* both of Sisseton, for Respondents.

BROWN, J. Action against the defendant Wickard, as principal, and the state bonding department, as surety on his bond as treasurer of Roberts county. The complaint sets out the bond and alleges in substance that defendant Wickard, as treasurer of Roberts county, deposited in Guaranty State Bank of Sisseton, whose combined capital and surplus was $40,000, sums in excess of 50 per cent of that amount; that under the law and a resolution of the board of county commissioners of Roberts county, appointing that bank a depositary of county funds, not more than 50 per cent of the capital and surplus of the bank was authorized to be deposited in said bank; that on January 12, 1924, when defendant Wickard, as county treasurer, had on deposit in said bank $36,028,-05, the bank suspended and was placed in the hands of a receiver, and by reason thereof the funds on deposit were lost. Demand had been made upon defendant by plaintiff for the $16,028.05 excess deposit, and defendant had failed to pay, and plaintiff demands judgment for $16,028.05, with interest. A demurrer on the ground that the complaint does not state a cause of action was sustained, and plaintiff appeals.

Section 6888, R. C., requires the county treasurer to keep on deposit in banks complying with its provisions the money in his hands as county treasurer, but provides that:

"No bank at any time shall have on deposit county funds in excess of 50 per cent of the capital and surplus of such bank."

Section 6889 provides that the county treasurer shall not be liable on his official bond for any loss of money deposited in compliance with the provisions of section 6888. This provision of section 6889 implies that the county treasurer shall be liable for the loss of county money not deposited in compliance with section 6888. In De Rockbraine School District v. Northern Casualty Co., 36 S. D. 392, 155 N. W. 10, it is said that, when the statute in

direct terms imposes the duty to pay over public moneys received and held as such, and no condition limiting that obligation is found in the statute or in the bond, the obligation will be deemed absolute, and the fact that the money has been lost through bank failure without fault of the officer does not constitute a defense to an action on the bond.

■ Respondent's contention that the provision in the statute that no bank at any time shall have on deposit county funds in excess of 50 per cent of its capital and surplus is merely a direction to the bank, and for the information of county commissioners in approving bonds of depositaries, and not a limitation on the treasurer, is too fanciful to call for extended discussion. It is the county treasurer who makes the deposits, and the statute is an express prohibition to him, and, if he deposits more than the amount authorized by statute, he does so at his own risk.

■ It is further contended that, because the law requires the county treasurer, within 10 days after the 1st of January, April, July, and October, to file with the county auditor an account of all money under his control, and in what banks the same is deposited and kept, and since it is presumed that a public officer has complied with the law, therefore it must be presumed that the county commissioners had full knowledge of the excess deposits, and that the same were made with the acquiescence of the county commissioners. Knowledge on the part of the county commissioners that the treasurer was making deposits in violation of the law would certainly be no defense to an action by the county on the treasurer's bond to recover the loss it had thereby sustained.

The order sustaining the demurrer is reversed.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur. CAMPBELL, J., concurs in the result.