PERKINS COUNTY, Appellant, v. NELSON, et al, Respondent.

(221 N. W. 247.)

(File No. 6177.   Opinion filed September 29, 1928.)

See, also, 221 N. W. 248.

*Fuller & Robinson,* of Pierre, and *C. M. Parsons,* State's Attorney, of Bison, for Appellant.

*Buell F. Jones,* Attorney General, and *H. A. Linstrom,* Assistant Attorney General, for Respondents.

MISER, C. The county of Perkins brought this action against its treasurer and the state bonding department. Defendants separately demurred to the complaint. The demurrers were sustained. Separate appeals were taken by plaintiff county from the orders sustaining the demurrers. In this opinion is considered only the demurrer of the state bonding department that the complaint did not state a cause of action.

In Edgerton School District v. Volz, 50 S. D. 107, 208 N. W. 576, this court stated that, prior to the enactment of chapter 335, Laws 1921, "except as otherwise provided by statute, treasurers of public funds were insurers thereof," citing Clay County v. Simonsen et al, 1 Dak. 387, 46 N. W. 593; De Rockbraine School District v. Northern Casualty Co., 36 S. D. 392, 155 N. W. 10; State v. Schamber, 39 S. D. 492, 165 N. W. 241, L. R. A. 1918B, 803. It was held in that case that chapter 335, Laws 1921, required the treasurer to select the depositary when the governing body had not exercised its right to do so, and it was further said:

"Assuming * * * that the treasurer has acted in good faith in the selection of a depositary and in continuing the deposits therein, it is incompatible with the idea of common justice for the law to compel a treasurer to deposit money in a bank, to provide, as is done by section 9013, Rev. Code 1919, that no bond shall be required by him from the bank to secure such deposit, and then, when the bank fails, to hold the treasurer liable as an insurer of the solvency of the bank."

In plaintiff's complaint is alleged the loss of $32,505.15

through the insolvency of depositary banks, and recovery to the full extent of the bond of $25,000 is prayed for .  It is also alleged that, of the sums so lost, $14,987.18 were in excess of 50 per cent of the capital and surplus of the depositary banks, in violation of section 6888, R. C. 1919.  When tested in the light of the Edgerton School District Case, it is apparent that no liability other or greater than the liability for depositing in the excess of 50 per cent of the capital and surplus of the depositary banks has been pleaded. It is equally apparent that the complaint pleads a violation by defendant treasurer of the plain terms of section 6888, wherein it is provided:

"That no bank at any time shall have on deposit county funds in excess of fifty per cent of the capital and surplus of such bank."

For a full discussion of liability on a county treasurer's bond for violation of this section, see Roberts County v. Wickard, County Treasurer, and State Bonding Department, 221 N. W. 246, decided at this term.  The complaint also pleads a breach of the conditions of the bond.

■ Respondent state bonding department also contends that the complaint does not sufficiently allege that this action was instituted by the proper county officer.  The complaint specifically alleged:

"That this action is by such county maintained pursuant to the direction and resolution of its commissioners made."

It is true that the complaint does not allege that the county auditor, pursuant to section 6949, caused this action to be instituted, or received instructions from the county commissioners; but, in view of the express provisions of section 5877, we see no reason for alleging the acts of the county auditor.

■ Finally, respondent state bonding department contends, because the treasurer is, by the complaint, "the duly appointed, qualified, and acting treasurer of said county," has not ceased to be treasurer either by removal or expiration of term, has not refused to turn over to his successor in office the money lost, or refused to use it in payment of legal warrants drawn on the county funds, that this action is at least premature, and that it is improper to indulge in any presumption that the county treasurer will not perform his duties as required by law.  In view of the fact that the complaint sufficiently alleges that the treasurer deposited the

sum of $14,987.18 in violation of the express provisions of section 6888, R. C. 1919, heretofore quoted, and has refused the demand of the board of county commissioners to account for all sums deposited in said banks, it is unnecessary to indulge in any presumptions. Certainly it has been sufficiently alleged that the conditions have already been broken in a bond which obligated the treasurer to "faithfully and impartially discharge the duties of his office of treasurer, and render a true account of all moneys, accounts and property of any kind that shall come into his hands as such officer, and pay over and deliver the same according to law." The money alleged to have been lost through the treasurer's unlawful deposits was not the treasurer's money, but the county's. "Public policy requires, and the law contemplates, that such funds shall remain at all times the funds of the public, so that the funds themselves can be looked to as a security of the public's interest." State v. Schamber, supra.

We find nothing in the law which requires the board of county commissioners, charged with the fiscal responsibility of their county, to wait for the expiration of the treasurer's term, or to cause his removal, before it can compel him to account for county money lost by him through his violation of the law. We therefore conclude that the complaint sufficiently alleged a cause of action for the recovery of the moneys lost in excess of 50 per cent of the capital and surplus of the depositary banks.

The order sustaining the demurrer is reversed.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., concurs in the result.