LANE INDEPENDENT CONSOL. SCHOOL DIST. NO. 1, of Jerauld County, Respondent, v. ENDAHL et. al, Appellants.

(224 N. W. 951.)

(File No. 6660. Opinion filed April 13, 1929.)

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.
*Null & Royhl,* of Huron, for Respondent.

FULLER, C. This appeal, involving the liability of a school district treasurer and the sureties upon his official bond for loss in a failed bank of the district's money, is related in subject-matter to the cases of Edgerton, etc., District v. Volz, 50 S. D. 107, 208 N. W. 576; Independent School District v. Fritcher, 50 S. D. 106, 208 N. W. 580; Independent School District v. Scott, 51 S. D. 187, 212 N. W. 863; Onida Independent School District v. Groth, 53 S. D. 458, 221 N. W. 49; Wessington Springs v. Smith, 54 S. D. 515, 223 N. W. 723; and Independent School District v. Flittie, 54 S. D. 526, 223 N. W. 728.

Finding the depositary bank insolvent and in a failing condition throughout the period of deposit of the public funds and the .

bonded school officer, its cashier, apprised of these facts, the trial court, consistently with the rules announced in the above-cited cases, entered judgment for the respondent school district against the treasurer and his sureties, appellants here.

Having joined as codefendants in the action the appellants Burg, Erickson, and Kogel, the sureties, with the appellant school treasurer, Endahl, the plaintiff procured before trial an order pursuant to Rev. Code, § 2715, for the examination of defendant Endahl as an adverse party. Notice of the proposed examination was given the defendant Endahl, whose testimony was sought to be thus obtained, but no notice of the time or place or fact of the proposed examination was given the defendants Burg, Erickson, or Kogel. At the examination counsel for Endahl appeared. The same attorneys were also counsel for Endahl's codefendants above named, but it is not contended that counsel appeared of record, or acted, for the codefendants in any way at the occasion of the examination.

At the trial before the learned circuit judge, without jury, the transcript of the testimony of the witness Endahl, as so taken as of an adverse party before trial, and comprising more than 80 pages of typewritten record, was offered in evidence by plaintiff as a single document, and the objection of the appellants to the admission of the same in evidence presents the principal question for review. No attempt to read this written testimony by question and answer was made by plaintiff's counsel, and the offer, being merely of "the transcript of the testimony of A. M. Endahl, taken before a referee * * * with exhibits and copies thereto attached," was met by the following objection:

"To which all the defendants object, for the reason the witness has been called and testified under cross-examination for trial, therefore any prior examination would be incompetent, improper, and the defendants, C. E. Burg, Karl Erickson and Phill Kogel, object to said transcript for the reason such examination was held and had without any notice to them; without any knowledge on their part thereof, and without an opportunity to appear or examine as to the matters and things therein stated. And the further objections to the transcript offered as a whole, because there are many parts of it which are incompetent, not binding on the defendants and hearsay as to them, and conclusions of the witness,

but are such questions and answers the defendants, Burg, Erickson, and Kogel, had no opportunity to offer objections at the time the transcript wa smade or taken, and they had no notice or knowledge of the examination."

As to the first portion of this objection which refers to the fact that the witness, Endahl, had been called for oral cross-examination by plaintiff before the offer was made of the transcript of his testimony, taken before trial as of an adverse party, it is sufficient to say that it is a matter of trial procedure within the discretion of the trial court as to whether an adverse party may be called for oral cross-examination, under the statute, after or before the proper introduction in evidence of the record of a similar cross-examination of the same party as had before trial.

It is possible that, by this objection, there was brought to the attention of the trial court the fact that the particular witness, though an adverse party, was actually present at the trial, and the question may have been advanced as to whether the same objection was applicable, to this transcript of testimony, as may be presented for consideration to the introduction of the deposition of any witness taken conditionally, who is available for oral examination at the trial. Rev. Code, §§ 2714, 2715; Ex parte Livingston, 12 Mo. App. 80, 84; State v. Burney, 193 Mo. App. 326, 186 S. W. 24, 27. No such contention, however, is here made, regardless of the apparent or possible sufficiency of the objection to raise the point. However broad may be an objection to the admission of evidence or numerous the questions of law involved in the objection, assigned as error on appeal, only those questions of law may be considered which counsel see fit to mention in argument and affirmatively present for review.

We may now consider the question whether a transcript of the testimony of a defendant, taken by his adversary on cross examination, before trial, is admissible in evidence against the objection of his codefendants who were given no notice of such examination and by whom lack of notice does not appear to have been waived.

Not only does the question appear to be new in this jurisdiction, but no guide is furnished by decisions applicable to those statutes of other states to which Rev. Code, §§ 2714 and 2715, are more or less kindred. By section 2713 the action to obtain a dis-

covery is abolished, and it is provided, in substance, that no examination of a party may be had on behalf of the adverse party, "except in the manner provided by this chapter," i. e., the chapter comprising sections 2713 to 2716. By section 2714 a party to the record of any civil action or proceeding is made subject to examination as a witness at the instance of the adverse party. He may be compelled to attend for examination in the same manner as any other witness "either at the trial, conditionally, or upon commission." The examination is subject to the rules applicable to the examination of other witnesses. His testimony may be taken as if under cross-examination, and the party calling him is not bound by his testimony. And section 2715 thus provides in part:

"The examination provided for in the preceding section may be had at any time before the trial, at the option of the party claiming it, before a judge of the court or a referee appointed for that purpose by a judge of the court, upon six days notice to the party to be examined and any other adverse party, unless, for good cause shown, the court order otherwise; * * * and the examination shall be taken and filed before the judge or referee as when a witness is examined conditionally, and may be read by either party at the trial."

Inasmuch as section 2713 specifically provides that no examination of a party may be had on behalf of the adverse party except in the manner prescribed by the sections above mentioned, and inasmuch as section 2715 most reasonably requires that six days' notice of the examination should be given the party to be examined "and any other adverse party," this statutory language is, in itself, a sufficient and decisive answer to the question whether notice need be given to render the record of the examination admissible in evidence against the adverse parties who have been given no notice. A record of the examination of a party to an action as an adverse party before trial under Rev. Code, § 2715, is not admissible, and may not be read in evidence, against those parties adverse to the examining party, who were not given notice of the proposed examination and who have not waived such notice by appearance at the examination or otherwise. In such case the same rule is applicable which renders inadmissible, against a particular party, a deposition, the taking of which was without notice to him, where such notice is required by statute. State v. Omaha Elevator Co.,

75 Neb. 637, 106 N. W. 979, 110 N. W. 874, 876; Ex parte Green, 126 Mo. App. 309, 103 S. W. 503, 505. Whether the particular type of objection, made as above stated at the trial, is one which should be brought up on objections filed before trial, under Rev. Code, § 2772, is a matter not discussed by counsel, and which need not here be considered.

 Concerning the objection to the admission of the transcript in toto without an offer of respondent's counsel to read the same by question and answer, it must be observed that this procedure was irregular, and that the better course would have been to require the reading of the testimony to the end that appellants might interpose such objections to separate questions as might seem to them appropriate. As the examination of the adverse party is had "subject to the rules applicable to * * * other witnesses" (section 2714), and inasmuch as such an examination "shall be taken * * * as when a witness is examined conditionally" (section 2715), it follows that the right exists in the adverse party, and those similarly situated, to interpose objections for incompetency and irrelevancy, for the first time, at the trial as when an ordinary deposition is read. But the appellants did not press the objection to the point of indicating any specific questions in the transcript to which it was desired to object, and the trial court may well have believed the objection, in this respect, was made casually or for trivial reasons. Assuming the ruling to have been improper, the appellants, in this court, point out no instance of illegal testimony in the transcript to which an adequate objection might have been made, and thus no substantial and material prejudice is shown.

 While, apparently, there is, without the testimony of appellant Endahl, as taken before trial, no evidence sufficient to support the decision below, we find from an examination of the printed record that this testimony did ultimately become a part of the plaintiff's evidence. After the irregular admission of the transcript as above stated, the witness Endahl testified on cross-examination under the statute by plaintiff, and without objection, as follows:

"I have read the transcript of the testimony. I believe it was a copy of the original which is now being offered in evidence. I believe that is the way I testified."

The transcript, as the product of procedure irregularly fol-

lowed for the adduction and preservation of evidence, was inadmissible against the defendant sureties who were not given notice of the examination of the witness. But evidence of admissions against interest, by the defendant school treasurer, the principal on the bond, as to facts materially bearing upon his liability under the bond, was admissible against the defendant sureties as a part of the oral cross-examination of the witness at the trial. By the testimony above stated, the transcript of the testimony of this witness became a part of the oral examination of the witness within the meaning of Rev. Code, § 2753. His testimony was equivalent to a statement by the witness that, at a previous time and place, he made the statements materially and adversely bearing upon his liability, which are set forth in the transcript. As in the case of Curtin v. Salomon, 80 Cal. App. 470, 475, 251 P. 237, 239, it may be said:

"Objection is made that there was irregularity in the taking of the deposition of the defendant. The record shows, however, that this deposition was never completed, was never signed by the defendant, and was introduced only as his statement and not as his deposition."

And to this it may be added that:

"Forms and rules are prescribed by statutes, courts, and decisions for the taking and production of testimony which give to the opposing party the right and the opportunity of cross-examination and the security of an oath. But this right, this opportunity, and this security may be waived by stipulation for, consent to, or silent acquiescence in the introduction of testimony; and when this is done the statement or affidavit admitted becomes as competent evidence of the facts it details as though every formality had been complied with." U. S. v. Homestake Mining Co. (C. C. A.) 117 F. 481, 489; Paine v. Wilson (C. C. A.) 146 F. 488, 491.

■ It need only be added, therefore, that, in a suit against a school district treasurer and the sureties jointly and severally liable on his official bond for alleged negligent loss of school moneys in an insolvent bank of which the school treasurer is cashier, proof of admissions made before trial by the treasurer, tending to show the unsafe and unsound condition of the depositary bank and his knowledge thereof at the time of making deposits, is competent evidence against him and his surety defendants. 2 Brandt,

Suretyship and Guaranty, § 795; 2 Jones, Commentaries on Evidence, p. 1662.

In this case no contention is made that the evidence is insufficient to support the findings and decision. But counsel contend that certain witnesses were erroneously permitted to testify to the financial responsibility of the makers of bills receivable listed in the assets of the depository bank, and to the value of real estate at times material to the issues, to the end that the insolvency of the bank was proven to the satisfaction of the court. In this behalf it is complained that no adequate foundation was laid to present these witnesses as qualified to express the opinions to which they testified. But the testimony referred to was introduced in strict proof of actual insolvency of the bank; and it is a tenable answer to this contention that all proof thus alleged to have been improperly admitted may be eliminated from the record with ample evidence remaining to support the decision, and that therefore the admission of this evidence, if improper, was without prejudice. In this case, by stipulation of findings or otherwise, an admitted statement of facts appears as now follows:

The respondent is an organized school corporation. On or about July 27, 1923, the appellant Endahl was elected treasurer of the district. The treasurer qualified according to requirement of the statute by giving to the school district a bond executed by himself as principal and the defendants Burg, Erickson, and Kogel as sureties in the amount of $20,000, providing in part as follows:

"The conditions of the above obligation are such that, if the said Alfred M. Endahl, Treasurer, as aforesaid, shall honestly and faithfully discharge his duties as Treasurer of said school district, and shall render a true account of all funds and property that shall come into his hands as such Treasurer, and pay and deliver the same according to law, then the above obligation to be null and void, otherwise to remain in full force and effect."

The bond was accepted and approved by the respondent school board on July 27, 1923. The Farmers' State Bank of Lane, S. D., was an organized state bank, and at all times herein mentioned, and up to the date of suspension of the bank, the school treasurer, Endahl, was its cashier, actively engaged in the conduct and operation of the business of the bank and conversant with the conditions and financial responsibility of the bank and with its assets

and liabilities. Upon qualification of the officer as treasurer, the school board directed a withdrawal of the district funds from another bank, and the deposit of the same in the Farmers' State Bank, by a resolution which is treated by respondent as sufficient, with other circumstances, to constitute the last-named bank a properly designated depositary of the school district funds. The bank suspended operation on March 22, 1924, and was taken over for liquidation by the state banking department, and, on that date, was insolvent. At the time of the bank's suspension, the school treasurer had on deposit in the bank the sum of $28,607.34, no part of which was, or has been, paid the respondent district. After the closing of the bank, appellant Endahl continued to act as treasurer of the school district, and, although numerous warrants in the aggregate of a large sum of money were thereafter regularly drawn against the treasurer and presented for payment, he neglected and refused to pay the same. On or about the 19th day of April, 1924, the Citizens' State Bank of Lane, S. D., was regularly designated as the depositary for the interest and sinking fund of the school district then amounting to $24,766, and in the hands and custody of the treasurer. Though directed by the board to forthwith deposit the interest and sinking fund with the newly designated depositary, the treasurer neglected and refused to make the deposit. On April 25, 1924, the school board, being engaged in the making of an audit of the affairs of the school district, made demand upon the treasurer to produce before the board the funds of the school district for the purpose of audit, and, refusing to comply with this demand, the treasurer informed the board that the funds had been lost through the failure of the Farmers' State Bank. Although, thereafter, demand by the school district was made upon the defendants, and all of them, to pay over to the plaintiff and its officers the money of the plaintiff, so in the hands of the defendant Endahl, or which had come into his hands by virtue of his office, the demand was refused.

Without further evidence, a part of the fact statement thus admitted is sufficient to establish, prima facie, the liability of the treasurer on his bond, while other facts, embraced in the stipulated statement are sufficient to establish a defense in favor of the treasurer and his sureties to the cause of action. To establish, in the first instance, the liability of a school treasurer and his

surety codefendants, under a bond executed and conditioned as in this case, it is incumbent upon the school district to merely prove the regular receipt of school funds by the officer and his failure to pay over or account for the same on lawful demand properly made. To successfully defend against a liability so established, prima facie, the treasurer has but to show a regular designation of a depositary of the particular funds, by the school board, his deposit therein of the funds, and the loss of the same through insolvency of the bank.

The presumption of innocence and of regularity in the acts of public officers accompanies evidence of such a deposit in such a depositary, and the mere fact of loss, through insolvency of the depositary bank, is insufficient to overcome that presumption. But, in addition to the stipulated finding of the facts above stated, and wholly aside from strict proof of insolvency, to the competency of which appellant objects, the record shows that the treasurer at the time of deposit was apprised of the fact that the bank was in an unsound and failing condition; that its reserve was constantly and substantially below the requirement of law; that it had little cash available for current needs; and that it was and had been having serious and critical difficulties for a considerable time. In short, it is well and assuringly established that no prudent person apprised of the facts within the knowledge of the treasurer would have instrusted the funds in his care to this depositary. Independent School District v. Flittie, supra. When the treasurer of a school district, obligated by an official bond to honestly and faithfully discharge his duties as treasurer, and render a true account of all funds that shall come into his hands as such treasurer, and pay and deliver the same according to law, deposits the funds of the district in a bank by him known to be unsafe as a depositary, which bank, in a few months thereafter, suspends as insolvent, the treasurer and his sureties are liable on their undertaking for the loss, in like manner as if actual insolvency existed at the time of deposit to the knowledge of the officer. The mere fact of regular designation of the bank as a depositary by the school board loses, by proof of such additional facts, its value as a defense.

Although the foregoing admits of the prima facie adequacy of the defense of the school treasurer, against liability for loss of moneys in a failed bank, that the bank was regularly designated

by the school board as a depositary of the funds—where nothing further appears to establish knowledge in the treasurer of the insolvency or failing condition of the bank at the time of deposit, or at times subsequent when the funds might have been withdrawn —nothing is here intended to affect the question, undecided, as to his liability for loss of funds in a bank selected by him, rather than by the board, as depositary, under the provisions of chapter 335, Laws 1921, as considered in Edgerton, etc., Dist. v. Volz, supra.

It is further contended by appellant that the treasurer believed the South Dakota state guaranty fund was solvent, and that deposits in the bank were adequately protected by that fund against loss ensuable from suspension. While the fact of this contention may be noticed, it does not seem to merit extended discussion. It is the opinion of the court that the treasurer, otherwise shown to be liable with his sureties, on his official bond, may not be exonerated by proof that he believed in the solvency of, or relied upon, the bank guaranty fund as adequate security of depositors against possibly insolvency of the depositary bank.

Finally it is urged that the respondent school district is estopped to claim a recovery upon the bond, by reason, as we understand the contention, of the knowledge of the members of the board of the failing condition of the bank. It is not shown that these facts were generally known to the members of the board, and no effort is made to present facts sufficient to classify this appeal with those cases which render the matter of estoppel reasonably subject to discussion. In any event, it has been effectively established that, even where public officials in charge of public moneys deal irregularly with the funds according to a theory of public benefit and to avert results believed to be more critical than the loss of the funds, there can be no estoppel against the public corporation, which they represent, by reason of their illegal conduct. State v. Fiman (D. C.) 29 F. (2d) 770, 774; Fiman v. State (C. C. A.) 29 F. (2d) 776, 782. The rule applicable to state officials under such circumstances is quite as pertinent in respect to the acts or conduct of the officials of a school district who may have an official duty to perform in behalf of the preservation of its funds. A school district, on account of the knowledge of its officials of the insolvent or unsafe condition of a bank depositary

for its funds, may not be estopped to assert the liability of the treasurer for the negligent deposit by him, and the loss, of the funds in such bank.

The judgment below and order overruling motion for new trial is affirmed.

SHERWOOD, P. J., and CAMPBELL and BURCH, JJ., and MISER, C., sitting in lieu of BROWN, J., absent, concur.

POLLEY, J., concurs in affirmance of judgment.