SUMMIT IND. SCH. DIST., Respondent, v. LIEN, et al, Appellants.

(233 N. W. 643.)

(File No. 6791.   Opinion filed December 5, 1930.)

*Sterling, Clark & Grigsby,* of Redfield, for Appellants.
*Turner & McKenna,* of Sisseton, for Respondent.

POLLEY, J.   The defendant C. H. Lien was elected treasurer of the plaintiff school district and qualified by filing an official bond executed by the defendant Federal Surety Company.   At and prior to and during all times herein mentioned, said Lien was cashier of the Summit Bank at Summit, and as such cashier was in control of such bank, directed its affairs, and had personal charge thereof. During all the time herein mentioned said bank was insolvent and unable to meet its obligations when due or at all.   The complaint alleges the further facts:

"That shortly after the election and qualifications as Treasurer aforesaid, the defendant, C. H. Lien in his capacity as Treasurer of the plaintiff School district, and in his capacity as Cashier of the Summit Bank did make application to, and recommend to the

Board of Education of said Plaintiff District, to appoint the said Bank of Summit as a depository for the public funds of said plaintiff school district for a term of one year, and did for the purpose of securing said appointment, knowingly and fraudulently and in bad faith represent to the said School District and the officers thereof, that said bank was solvent and a suitable and safe place for the public funds belonging to said plaintiff school district; and that the said school district could safely deposit said funds within said bank, when he in fact knew and had reason to know that said bank was wholly insolvent and an unsafe place to deposit said school funds."

"That immediately after the designation of said bank as such depository, said C. H. Lien well knowing the condition of said bank, and its insolvent condition drew from the County Treasurer of the County of Roberts more than $2500.00 of the money and funds of said plaintiff School District, and did as Cashier of said bank receive said deposit into said bank knowing at said time the insolvent condition of said bank; and that said bank was being largely drawn upon by its depositors; and that it was about to. close its doors by reason of its insolvency, and did thereafter, as Cashier of said bank pay over and deliver to the depositors, other than the plaintiff School District, the money and funds so deposited in said bank, and took no steps either in his capacity as Cashier or in his capacity as Treasurer to safe-guard and protect the funds of said plaintiff school district so deposited in said bank.

"That at the time the said Bank of Summit closed its doors, there was on deposit in said bank the moneys of the plaintiff in the sum of $1924.42, and that the same will be wholly lost to the plaintiff.

"That there were outstanding both before and after the closing of said bank, warrants which had been duly and legally issued by the plaintiff school district to its creditors in the sum of $1072.53, which the said defendant, C. H. Lien neglected and refused to pay, but registered said warrants for want of funds claiming that said school district was without funds with which to meet the same."

That payment of the amount of plaintiff's money that was in the bank when it closed had been demanded of defendant, and that such payment had been refused. To this complaint defendants

separately demurred. The demurrers were overruled, and from the order overruling the same defendants appeal.

Appellants preface their argument by the following statement:

"We desire first to call the court's attention to the fact that there is no allegation in the complaint of any embezzlement, conversion or appropriation of the money which came into Mr. Lien's hands as treasurer for his own personal benefit."

This may be literally true, but from the standpoint of moral turpitude we can see little difference between putting the money into his pocket and decamping for parts unknown, and putting it into his own bank when he knew the bank never could pay it back.

■ So far as the defendant Lien is concerned, he is liable on the authority of School District of Lake Andes v. Scott, 51 S. D. 187, 212 N. W. 863. It is true that in that case there were three designated depositaries, two of which were not known to be insolvent, and defendant deposited the school money in the one that he knew to be insolvent; while in this case there was but one designated depositary and defendant claims that he had no alternative but to put the money in the bank designated by the board. But knowing that the Summit Bank was insolvent, it was his plain duty to have notified the board of that fact, and given it an opportunity to select another depositary not known to him to be insolvent. School District of Brookings v. Flittie et al., 54 S. D. 526, 223 N. W. 728.

■ Appellant seeks to escape liability under the provisions of section 2, chapter 154, Laws 1925. This section reads as follows:

"Immediately upon receipt by the treasurer of a certified copy of a resolution designating a depositary or depositaries as provided for in Section 1 hereof, the treasurer shall make the deposit or deposits required by said resolution, and neither he nor the surety or sureties upon his bond shall be liable for any loss or damage to such district resulting from the failure, or from any act or omission, of said depositary or depositaries, unless the treasurer shall be an officer, agent, or employee of any bank so selected as a depositary, and such loss or damage shall be caused, in whole or in part, by any violation of the law by said treasurer, acting in his capacity of officer, agent or employee of said bank."

In this case the treasurer was the cashier of the bank and the loss of the money was brought about by the unlawful conduct of the treasurer while acting in his capacity of cashier of the bank. Acting as cashier, he went before the school board and by false representations as to the solvency of the bank secured the designation of his bank as a depositary of the funds of the district. After securing such designation, he unlawfully received the money of the district into his insolvent bank and paid the same out to other depositors so that when, in the ordinary course of business, such money was demanded in payment of the legitimate obligations of the district, he was unable to produce or pay the same. Under the above-quoted statute, this conduct on the part of the cashier of the bank renders the surety on the school treasurer's bond liable for the loss.

█ Lastly, it is contended by the appellants that this action was prematurely commenced, that plaintiff's term of office would not expire until in July, 1929, and that he could not be required to turn the money over to any one, or become liable for the same, until his term of office expired and demand for the money was made by his successor in office. This contention is fully answered in the negative by what is said by this court in Perkins County v. Nelson et al., 53 S. D. 514, 221 N. W. 247.

For a discussion of the various phases of the subject-matter of this case, see City of Wessington Springs v. Smith et al., 54 S. D. 515, 223 N. W. 723; Lane School District v. Endahl (S. D.) 224 N. W. 951; and Board of Education v. Whisman (S. D.), 229 N. W. 522.

The orders appealed from are affirmed.

BROWN, P. J., and SHERWOOD, CAMPBELL, and BURCH, JJ., concur.